Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 The bill in this case cannot be sustained unless the laws of Illinois conferred upon the landlord a statutory lien upon the personal property of the tenant in the county prior to the levy of the warrant. If the lien existed independently of the warrant, and the warrant was used merely as a means of enforcing it, then the theory of the bill is correct. On the contrary, if no lien could be acquired until at least the warrant was actually levied, the court below did not err in dismissing the bill.
 

 The sixth and seventh sections of the Illinois Landlord and Tenant Statute speak of distress for rent. The sixth section prescribes the manner of proceeding, but the seventh
 
 *390
 
 recognizes the existence of the right itself, and is in these words: “ In all cases of distress for rent it shall be lawful for the landlord, by himself, his agent, or attorney, to seize for rent any personal property of his tenant that may be found in the county where such tenant shall reside, and in no case shall the property of any other person, although the same may be found on the premises, be liable to seizure for reut due from such tenant.” The eighth section declares that “ every landlord shall have a lien upon the crops growing or grown upon the demised premises in any year for rent that shall accrue for such year.”
 

 These are the only provisions of the statute material to the present inquiry, and they indicate clearly enough the intention of the legislature on the subject. Manifestly it was the purpose to make a distinction in this regard between agricultural products raised on the farm and the. general personal property of the tenant in the.country. If this were not so, why introduce the eighth section into the law at all, for the right of distress was conferred without it. The distinction was doubtless owing to the fact that agriculture is
 
 now,
 
 and was at the passage of the law, the chief industry of the State. It could work no serious injury to trade if one kind of property alone were subject to a statutory lien, but to extend this lien to all the personal property owned by a tenant in the county would interfere with it very materially. Be this as it may, the statute does in express terms confer a lien upon the crops growing or grown upon the demised premises in any year for the rent of that year, and recognizes for other personal property in the county the right of distress as it existed at common law. At common law the landlord could distrain any goods found upon the premises at the time of the taking, but he had no lieu until he had made his right active by actual seizure. A statutory lien implies security upon the thing before the warrant to seize it is levied. It ties itself to the property from the time it attaches to it, and the levy and sale of the property are only means of enforcing it. In other words, if the lien is given by statute, proceedings are not necessary
 
 *391
 
 to fix the status of the property. But in the absence of this statutory lien it is necessary to take proceedings to acquire a lien on the property of the tenant for the benefit of the landlord. This the landlord is enabled to do in a summary way to satisfy the rent which is due him, and in this he has an advantage as creditor over creditors at large of the tenant. It is difficult to see why the tenant, subject to this dormant right of the landlord, is not as much the owner of his effects as any other person would be who owned property and owed debts.
 

 The statute we are considering has been the subject of consideration at the hands of the Supreme Court of Illinois. And it is contended that
 
 O'Hara
 
 v. Jones
 
 *
 
 is authority for the position assumed by the appellant. The point decided in that case was that the landlord had a right to distrain for rent upon the property of the tenant even after he had made a general assignment for the benefit of creditors of all his property, real and personal, on the ground that the assignee of the tenant could not hold the goods free from the lien of the landlord; that the assignee took the goods of the assignor as a volunteer, and subject to all the liens to which they were then liable.
 

 This decision evidently proceeds on the idea that the statute created a greater and different lien in favor of the landlord than is given by the common-law right of distress. But the court, in the recent case of
 
 Hadden
 
 v.
 
 Knickerbocker,
 

 †
 

 while adhering to the point actually decided in
 
 O'Hara
 
 v.
 
 Jones,
 
 repudiate this idea and say that the lien is given the landlord upon growing crops, “but no specific lieu is given upon other property of the tenant.” This case protects
 
 bond fide
 
 purchasers who have paid value for the property, with notice that rent was due the lessor and that he was about to distrain, although in
 
 O'Hara
 
 v.
 
 Jones
 
 it would seem that purchasers are not to be treated as
 
 bond fide
 
 unless they bought without notice.
 

 It is argued that the basis of the decision in
 
 O'Hara
 
 v.
 
 *392
 

 Jones
 
 is that the landlord’s lien for rent is superior to that of a creditor holding under execution or attachment, and there are expressions in the opinion which tend in that direction, but the court to reach that conclusion would be obliged to overrule
 
 Rogers
 
 v.
 
 Dickey,
 

 *
 

 and this ease is not even noticed in the opinion of the court.
 

 The question in
 
 Rogers
 
 v.
 
 Dickey,
 
 as stated by the court, was “ whether an execution delivered to the sheriff and in his hands at the time a distress warrant was levied took precedence of the levy by the constable, where there had been no sale of the property levied upon.” The property levied on was on the demised premises, and the court, on full consideration, held that the sheriff, who had in the meantime taken the property from the constable, was justified in the proceeding, and this, too, on the general principles of law, for no point is made of superior right in the levy of the constable by virtue of the Landlord and Tenant Act. This decision could not have been reached if, in the opiuion of th,e court, the landlord had a lien on the property prior to the seizure under the warrant, for the court, in
 
 Miles
 
 v. James,
 
 †
 
 held that the statutory lien of the eighth section on growing crops was a prior lien to an execution.
 

 But it is unnecessary to consider the cases further, for whatever may be the scope of some of the decisions in the State, the exact point we áre considering was decided, as we understand it, in the recent case of
 
 Hadden
 
 v.
 
 Knickerbocker,
 

 ‡
 
 and, indeed, the question does not seem to have been passed upon in any other case. If, as is said in that case, the statute creates no lien in favor of the landlord on the general property of the tenant in the county, until the levy of the distress warrant, then the question arises, whether the appellant acquired any right to the property in question by reason of his levy as against the assignee of the bankrupts and against the rights of the other creditors. It may become important in other cases to determine whether the lien acquired by the levy, to become operative, must not be
 
 *393
 
 perfected in conformity with the provisions of the statute on the subject, but in the view we take of the rights of the parties to this suit, it is not necessary to consider the question. The question might arise where the levy was before the filing of the petition in bankruptcy, and the subsequent proceedings, taken after this was done, were not in conformity with the provisions of the statute. The levy in this case was, however, made after the institution of bankruptcy proceedings, but before the decree in bankruptcy was rendered.
 

 The fourteenth section of the Bankrupt Act declares that the assignment in bankruptcy shall relate back to the commencement of proceedings, and by operation of law vest the title of the estate of the bankrupt in the assignee, notwithstanding the same is then attached on mesne process as the property of the debtor. It is argued that a distress warrant, being the act of the landlord himself, is not an attachment upon mesne process. This is true according to the technical signification of the term, but the meaning of the term in this connection embraces any proceeding by which a lien is first acquired. The object of the law was evidently to prevent any one procuring a lien after the filing of the petition who had not got it before. If the lien existed before the filing of the petition, it could be enforced in the bankrupt court; but if it did not exist the purpose of the law was to prevent its being brought into existence by any proceeding whatever. If this were not so, as soon as it was known that the petition was filed the provisions of the law might be easily evaded. The main purpose which the Bankrupt Act seeks to accomplish is to distribute the property of the bankrupt equally among his creditors, and in order to do this the creditor who has not, when proceedings are begun, such a security as binds the property is prevented from obtaining it, and thus securing a preference over another creditor. There is no good reason why the law should protect a landlord in the issuing of a distress warrant, and repudiate an equally meritorious creditor in the levy of an attachment. If a distress warrant, where no further proceedings are nec
 
 *394
 
 essary to perfect the lien, is not, strictly speaking, an attachment upon mesne process, yet, under the Illinois statute, as has been remarked by an eminent judge,
 
 *
 
 it is in the nature of mesne process. The statute requires that a copy of the distress warrant be immediately filed in court; the party against whom it issues summoned; the amount due from him ascertained and entered upon the records of the court. It is then made the duty of the court to certify to the officer making the levy, the amount of the debt, and this certificate is his authority to make the sale, which certificate, with the proceedings indorsed upon it, must be returned into court.
 

 It will thus be seen that the landlord, after he levies his warrant, can progress no further until the court has sanctioned the proceeding. The certificate that is issued, if not final process in the ordinary sense of the term, resembles it, and the distress warrant, if not mesne process issuing out of a court, is similar to it. The effect of the distress warrant is to seize the property and hold it for the purpose of enforcing the claim of the landlord upon it, and an ordinary attachment upon mesne process does nothing more for the general creditor. Both have to be returned into court and action taken on them before the property can be sold. Bach is process through which a lien is obtained, but by neither can the lien be made available, unless through some final proceeding. There is, therefore,- sufficient similarity between these processes for the distress warrant to be treated as a writ in the nature of an attachment upon mesne process.
 

 But we do not want to rest our decision on this point alone, for the fourteenth section of the Bankrupt Law is not levelled at the mode of doing a thing, but at the thing itself. It was the object of this section to preveut the acquisition of any other liens than such as existed when the petition in bankruptcy was filed, and any proceeding by which this is attempted is within the condemnation of the law.
 

 Judgment affirmed.
 

 *
 

 46 Illinois, 291.
 

 †
 

 — Id.-; not reported when this case was argued.
 

 *
 

 1 Gilman, 636.
 

 †
 

 36 Illinois, 401.
 

 ‡
 

 Supra.
 

 *
 

 Drummond, J., In re Joslyn, 2 Bissell, 241. — Rep.