S. CAMERON HINKLE, appellant,

*v.*

CAMDEN SAFE DEPOSIT AND TRUST COMPANY, trustee, respondent.

1. The sixty-third section of the "Act concerning corporations" (*Rev. p. 188*), as amended by *P. L. of 1887 ch. LXXI.*, does not give an employe creditor of a corporation priority over a creditor by mortgage recorded before the employe's debt accrued.

2. Whatever lien an employe may have in the assets of a corporation must be enforced through the receiver. The lien is given upon the assets in his hands.

On appeal from an order advised by Vice-Chancellor Pitney in *Camden Safe Deposit and Trust Co.* v. *Atlantic City Ocean Pier Co.*, who delivered the following opinion :

The petitioner prays to be made a party defendant in an ordinary foreclosure suit, and shows himself to be a creditor of the mortgagor and defendant, and that his debt accrued for services rendered by him as an employe of the defendant, which he says is insolvent and in the hands of a receiver. His claim is based upon section 63 of the Corporation act (*Rev. p. 188*), as amended by the act of March 31st, 1887. *P. L. of 1887 p. 99.* After the appointment of a receiver by this court, the complainant obtained leave of the court to take possession of the mortgaged premises as mortgagee, and did so. Afterwards it filed its bill to foreclose in the ordinary way, and with the usual result of a decree and sale, which produced no more than sufficient to pay complainant's decree.

I do not see that the petitioner has the least standing in this court in this case. The fund in court is not the assets of the defendant corporation, and if it were, petitioner can reach it only through the receiver. The act under which petitioner claims gives him a lien upon the assets in the receiver's hands. I think Mr. Grey's argument on this point is unanswerable.

I further think that whenever his claim is made and the assets are administered he can have no priority over complainant's mortgage. The receiver takes the property subject to the mortgage. In his hands it is an asset only to the extent of the equity of redemption. The title is in the mortgagee; and it is well settled that this court will not, and, in fact, has no power to, authorize the receiver to sell the land free of the mortgage and pay the mortgage out of the proceeds.

The mortgagee may bring ejectment and recover and take possession as he did in this case, and he is not obliged to follow it up by foreclosure proceedings, in which case the receiver must

Hinkle *v.* Camden Safe Deposit and Trust Co.

pay in full before he can get possession and give complete title, or he may sell subject to the mortgage. The fact that the mortgagee has foreclosed does not alter his rights in so much of the proceeds as will pay his mortgage.

I advise that the petition be dismissed, with costs.

*Mr. Thomas E. French,* for the appellant.

*Mr. Martin P. Grey,* for the respondent.

PER CURIAM.

This order is affirmed, for the reasons given in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, SMITH, WHITAKER—12.

*For reversal*—None.