JOHN WRIGHT et al.

v.

THE WYNOCKIE IRON COMPANY.

1. The claims of laborers for services to a corporation which has been declared to be insolvent, are not entitled to precedence in payment over liens acquired by judgment, execution and levy thereunder, or by distress for rent, which antedate the time which the court adjudges to be the time of the corporation's insolvency.

2. Such time is when the court examines into the existing condition of the corporation's affairs.   The court will not undertake to investigate the financial ability of the company at previous periods.

On petition by laborers for payment of their claims.

*Mr. Ford D. Smith,* for the petitioners.

*Mr. J. H. Neighbour,* for D. L. Bryant.

*Mr. B. C. Frost,* for the Northampton County National Bank.

THE CHANCELLOR,

On the 26th of August, 1890, the Wynockie Iron Company, a corporation, was adjudged to be insolvent and a receiver of its assets was appointed. Prior to such adjudication, in July of the same year, the Northampton County National Bank recovered a judgment, in the supreme court of this state, against the company, and, under execution issued thereon, levied upon all the assets of the corporation except its book accounts and about seventy-five tons of iron ore, and on the 13th of August, in the same year, D. L. Bryant, as landlord, took the seventy-five tons of iron ore, with other property, in distress for unpaid rent. With the assent of the landlord and judgment creditor all the property of the company has been sold by the receiver, under an agreement that the rights of the landlord and judgment creditor in the several pieces of property sold shall continue in the proceeds of sale of those pieces. The proceeds of the sale are insufficient to pay the judgment and the rent, and the only other assets of the company are some book accounts of insignificant value.

The petitioners are laborers. They present claims for services which were rendered to the insolvent company both prior and subsequent to the recovery of the judgment and the distress for rent, and insist that they are entitled to precedence in payment from the proceeds of the before-mentioned sale, over the landlord and the judgment creditor. They contend that such precedence is secured to them by the sixty-third section of the Corporation act, as it was amended by the statute of March 31st, 1887. *P. L. of 1887 p. 99.* The amended section provides that in case of the insolvency of any corporation, the laborers then and theretofore in the employ thereof shall have a lien upon the assets of the corporation for the amount due to them respectively, which shall be paid prior to any other debt or debts of the company, and that such lien shall have reference to and comprise all claims for such labor or services rendered for or in behalf of the corporation before the date which the court adjudges to be the time when the insolvency, which gives it jurisdiction, occurred, whether such laborers were in the actual employ of

Wright v. Wynockie Iron Co.

such corporation at that time or not. The insistment is, that the purpose of the amendment was to provide that the lien of laborers should relate back to and have precedence over all other liens as of the time when their services were rendered, provided that at such time the company was insolvent.

· As the section originally stood (*Rev. p. 188*), it provided that in case of the insolvency of a corporation, the laborers in the employ thereof, should have a lien upon its assets for the amount of wages due to them respectively, which should be paid prior to any other debt or debts of the company, and, in the case of *The Delaware, Lackawanna and Western R. R. Co.* v. *The Oxford Iron Co., 6 Stew. Eq. 192*, that original section was construed in this court to mean, among other things, that the lien given came into existence as of the date which the court adjudged to be the time when the insolvency; which gave the court jurisdiction, occurred; that the laborers then in the employment of the company were entitled to a lien upon the assets for the whole amount of wages due to them, no matter how long before the date of the insolvency the wages may have accrued, and that persons holding claims for wages, who were not in the employ of the corporation at the time when it became insolvent, were not within the purview of the act, and therefore had no lien upon the assets thereof. Now, as I read the amendment, its only object was to extend the lien contemplated by the original enactment to laborers who might not be in the employ of the company at the time of the insolvency. Instead of giving a lien to "laborers in the employ" of the company, as the original act did, it gave a lien to "laborers then and theretofore" in its employ. The further declaration, at the end of the amended section, that—

"The lien shall have reference to and comprise all claims for such labor or services rendered for or in behalf of such corporation before the date which the court adjudges to be the time when the insolvency occurred, which gives it jurisdiction, whether such laborers were in the actual employ of such corporation at that time or not,"

simply provides that the lien of laborers who may happen to be out of the employ of the company at the time which the court

adjudges to be the time of the happening of the insolvency, shall be as extensive as the lien of laborers then in the employ of the company. This is most plainly signified by the concluding language: "Whether in the actual employ of such corporation at that time or not."

I fail to perceive the slightest warrant in the act for the contention of the petitioners. The amendment made no attempt to change the time of the inception of the lien from that which was fixed by the original enactment, and defined, by the adjudication referred to, as the time which the court adjudges to be the time of the insolvency. That time, by well-established practice of this court, has uniformly been held to be the time when the court examines into the existing condition of the company's affairs and finds that the company is insolvent. The practice is to refuse to investigate the financial ability of the corporation at previous periods. *Bedford* v. *Newark Machine Co., 1 C. E. Gr. 117 ; Delaware, Lackawanna and Western R. R. Co.* v. *Oxford Iron Co., supra.*

It is also, in the second place, urged, that by force of the provision that the claims of laborers are to be paid prior to any other debt or debts of the company, the petitioners are entitled to payment in precedence of the judgment creditor and distraining landlord. The statute gives to laborers a lien upon the assets of an insolvent corporation which shall come to the hands of a receiver, and their claims are to be paid from such assets in priority to other creditors. Those assets consist of the property of the company, subject to all liens existing thereon, at the time which the court adjudges to be the time of the corporation's insolvency. The priority secured to laborers is priority over the debts which are payable out of the corporation's property after the liens existing upon it at the adjudication of insolvency shall have been discharged. It was not intended that a lien fairly and in good faith obtained by a vigilant and active creditor before the adjudication of insolvency, should thereafter become second to the claims of laborers. This view of the meaning of the statute has lately been recognized by Vice-Chancellor Pitney

and the court of errors and appeals in the case of *Hinkle* v. *Camden Safe Deposit and Trust Co., 2 Dick. Ch. Rep. 333.*

The claims of the petitioners cannot take precedence of either the distress for rent or the judgment.