Wood v. McCardell, West & Farrell Carriage Co.

---

GEORGE WOOD et al.

*v.*

McCARDELL, WEST & FARRELL CARRIAGE COMPANY.

1. In case of proceedings against an insolvent corporation, the owner of the premises upon which that corporation carried on its business, under a lease from him, is entitled to an order directing the receiver to pay the amount of rent due at the time of the declaration of insolvency, not exceeding one year's rent.

2. The order of the court directing the receiver to take possession of and to convert the goods and chattels of a corporation into money, is embraced within

28

the meaning of the phrase "any other process," in the fourth section of the act respecting landlords and tenants.

3. While the tenant may dispose of or create a lien upon goods and chattels, the section referred to expressly forbids any person, armed with the process of the law, removing such goods without first paying one year's rent.

Petition by the landlord for rent.

*Messrs. Howell & Bro.*, for the petitioner.

*Mr. Woodbury D. Holt*, for the chattel mortgagee.

*Mr. Garret D. W. Vroom*, for the general creditors.

BIRD, V. C.

The defendant is an insolvent corporation. The petitioner is the owner of the premises in which said corporation carried on its business. He files his petition and asks for an order upon the receiver to pay the amount of rent due at the time of the filing of the bill in this cause. Such order is resisted by the general creditors, upon the ground that the landlord in such case has no lien upon the goods and chattels of the defendant company which were upon the premises at the time of the declaration of insolvency. It is urged that the Corporation act, under which these proceedings are instituted, in giving preferences and in directing distribution of the proceeds of sales, gives no preference whatsoever to the landlord.

The petitioner rests his case upon the fourth section of the act respecting Landlords and Tenants (*Rev. p. 510*), which provides that no goods and chattels being upon any lands or tenements which are or shall be leased, shall be liable to be taken by virtue of any execution, attachment or other process, unless the party at whose suit the said execution or other process is issued out shall, before the removal of such goods from off the said premises, pay to the landlord all rent due for said premises not exceeding one year's rent. There can be no room for doubt that the order of this court directing the receiver to take possession of the goods and chattels of the defendant company, is included

·in the phrase, "other process." An execution commands the officer to seize and sell the goods of a defendant. The only difference is in form and name; the result in both cases is precisely ·the same. Upon the argument it was considered important that the landlord had not secured a lien or taken any steps to that ·end. This, I think, is not essential to his protection in cases where the tenant has not disposed of his goods, or, as between himself and another, created a valid lien. While the statute leaves the tenant at perfect liberty to dispose of his goods and ·chattels absolutely, or to create liens thereupon, yet as between landlord and tenant and other creditors of the tenant, when such ·creditors come with any process whatsoever, the statute is his ·shield. It absolutely forbids the removal of his goods until the rent then due, not exceeding one year, is paid. Although the landlord has no lien by which he can enforce the payment of rent, but must institute proceedings in his own behalf in order ·to accomplish that, the law preserves to him, as against every ·other process, the retention of the goods upon the premises until his rent be paid. I think *Woodside* v. *Adams, 11 Vr. 417,* ·clearly sustains this view; nor is it in conflict with the case of *Morgan* v. *Campbell, 22 Wall. 381.* Besides, so far as I can learn, the question has never before been raised since the passage ·of the present act respecting corporations in 1875, and I am ·assured that it has been the practice of the court since then to recognize the claim of the landlord for preference under the fourth section of the act respecting landlords and tenants.

After the written acknowledgments of the right of the landlord by the members of the defendant company, under their ·oath, I think it is impossible for them to successfully oppose the prayer of the petitioner. When they executed the papers referred to they had had the benefit of counsel of long experience. They say they were deceived, and did not comprehend the extent of ·the rights which they had surrendered. They certainly were not· ·deceived by the landlord nor by any one interested in the landlord's affairs, for neither the landlord nor any one interested in ·his behalf was present at any time when they and their counsel ·were considering the import of the papers signed. Nor does it

appear that anyone made any representation or in any manner communicated any statement to them respecting the matter in controversy. I will not say that it is impossible for a court, under such circumstances, to come to the conclusion that a case of deception may not be made out, but there seems to be no room whatever for resistance made to the landlord's claim in this case upon the part of the members who compose the defendant company. I cannot even believe that persons of their intelligence were self-deceived.

The petitioner is entitled to the relief prayed for