FRANZ REALTY COMPANY, appellant,

v.

MAURICE H. WELSH, respondent.

[Argued March 15th, 1916.   Decided June 19th, 1916.]

1. The term "other process," as used in section 4 of the Landlords and Tenants act, providing for a preference in favor of the landlord for one year's arrearage of rent out of the goods and chattels of the tenant on the demised premises and taken by virtue of any execution, attachment or *other process*, includes an order of the court of chancery appointing a receiver for an insolvent corporation-tenant and directing such receiver to take possession of said goods and chattels and to convert them into money.   Citing *Wood* v. *McCardell et al., 49 N. J. Eq. 433.*

2. The preference created by section 4 of the Landlords and Tenants act does not constitute a lien prior to the "taking" by execution, attachment or other process therein referred to, but only a statutory provision in the nature of an inchoate lien which may be defeated by certain acts of the tenant himself prior to such "taking," and which does not become effective at all should such "taking" never occur.   Citing *Woodside* v. *Adams, 40 N. J. Law 417.*

3. The act of 1892 (subsequently embodied in sections 83 and 84 of the 1896 revision of the Corporation act), giving a lien prior to all other liens (except mortgages of real estate and chattel mortgages fulfilling certain specified requirements) to employes of insolvent corporations for unpaid wages during two months before the institution of the insolvency proceedings, modifies section 4 of the Landlords and Tenants act (passed in 1877) to the extent that it makes the landlord's right under the provisions of that section to be paid one year's arrearage of rent out of the goods and chattels on the demised premises, subject to the superior right or lien of the employe of an insolvent corporation-tenant for two months' unpaid wages as secured by sections 83 and 84 of said Corporation act.

On appeal from a decree of the court of chancery.

*Mr. James R. Nugent,* for the appellant.

*Mr. Michael J. Tansey,* for the respondent.

The opinion of the court was delivered by

WHITE, J.

The Standard Electric Lamp Company, a tenant of the appellant, was adjudged insolvent and a receiver appointed for it by the court of chancery. The appellant filed a claim for one year's arrearage of rent, and the respondent, an employe of the insolvent corporation-tenant, filed a claim for labor performed within two months prior to the commencement of the insolvency proceedings. The receiver sold the goods and chattels on the demised premises and did not realize enough to pay both claims. He thereupon gave preference to the landlord's claim for rent, whereupon the employe appealed to the court of chancery, where his appeal was sustained and preference given to his claim for wages. From this ruling of the court of chancery this appeal is taken.

Section 4 of the act respecting landlords and tenants (*Comp. Stat. p. 3066*) provides that no goods and chattels being upon any lands and tenements which are or shall be leased, shall be liable to be taken by virtue of any execution, attachment *or other process,* unless the party at whose suit the said execution or other process is issued out shall, before the removal of the goods from off the said premises, pay to the landlord all rent due for said premises not exceeding one year's rent.

In *Wood* v. *McCardell et al., 49 N. J. Eq. 433,* decided in 1892, Vice-Chancellor Bird held that an order of the court of chancery appointing a receiver and directing him to take possession of the goods and chattels of an insolvent corporation-tenant and to convert them into money, fell within the term "other process," as used in the above section, and that in consequence the landlord of the insolvent corporation-tenant was entitled to be paid by the receiver rent in arrear not exceeding one year out of the proceeds of the sale of the goods and chattels on the demised premises, as a preferred claim. This ruling, approved by Vice-Chancellor Pitney in *Hatch* v. *Van Dervoort, 54 N. J. Eq. 518,* decided in 1896, has been universally accepted as the law of this state since that time, and may now be regarded as settled. Vice-Chancellor Walker in *Weinstein* v. *Herman, 81 N. J. Eq.* (at *p. 239*). .

It is now claimed by the appellant that the effect of this provision of the Landlords and Tenants act, as thus construed, was to vest in the landlord a lien upon these goods and chattels on the demised premises before the institution of the insolvency proceedings, and therefore prior to the vesting of the lien for two months' wages created in favor of the employe by sections 83 and 84 of the Corporation act, the latter lien not vesting or arising until the institution of the insolvency proceedings, as was decided in *Mingin* v. *Alva Glass Manufacturing Co., 55 N. J. Eq. 463.*

We do not agree with this view. The right of the landlord, under section 4 of the Landlords and Tenants act, is, in the absence of an actual distress, not a lien at all. *Woodside* v. *Adams, 40 N. J. Law 417.* It is a statutory right arising under certain conditions. It might, prior to the institution of the insolvency proceedings, have been defeated by the tenant himself by a *bona fide* sale or chattel mortgage of the goods and chattels in question, or by their consumption. At most, it was but a statutory right, possibly in the nature of an inchoate lien, maturing, in effect, into an actual lien only under certain conditions prescribed by the statute.

There was, therefore, no lien in favor of the landlord prior to the time when the lien of the employe under the Corporation act arose under the construction of that act in *Mingin* v. *Alva Glass Manufacturing Co., supra.* This disposes of the landlord's claim to a lien superior to that of the employe and leaves only the question whether the employe has a lien superior to the right of the landlord instead of only on a parity with it.

We think, with the court of chancery, that the employe's lien is superior.

The Landlords and Tenants act was passed in 1877, whereas the act giving this preference to the employe's wages for two months was passed subsequently in 1892, and afterwards substantially copied into sections 83 and 84 of the 1896 revision of the Corporation act. If, therefore, the Corporation act contains a provision inconsistent with a provision of the Landlords and Tenants act, the latter must be construed as modified or repealed by implication to the extent of such inconsistency. This

is particularly so where, as here, the impliedly repealing provision is contained in an act about which Mr. Justice Garrison, speaking for this court, in *Massey* v. *Camden and Trenton Railway Co., 78 N. J. Eq. 539,* quoting with approval the language of Vice-Chancellor Van Fleet in *Mersereau* v. *Mersereau Company, 51 N. J. Eq. 382,* said: "The statute of 1892 covers the whole subject-matter embraced by the prior law, with an additional highly important provision, and was obviously designed to take its place and stand as its substitute."

Section 83 of this (the Corporation) act provides that in case of the insolvency of any corporation its employes and workmen shall have a first and prior lien upon its assets for wages for two months prior to the institution of the insolvency proceedings, and section 84 provides that such lien shall be *prior to all other liens which can be or may be acquired* upon or against such assets, except the lien of all chattel mortgages which have been given and recorded more than two months preceding the date of the institution of the insolvency proceedings or have been actually given within that two months for money loaned or goods purchased within that period, and except mortgages of real estate.

We think that this language, "lien which may be acquired," most aptly describes the lien or right in the nature of a lien which would arise upon the "taking" mentioned in section 4 of the Landlords and Tenants act, and that, therefore, under the expressed provisions of section 84 of the Corporation act, the lien arising in favor of the employe upon the institution of the insolvency proceedings is given priority over the right of the landlord under section 4 of the Landlords and Tenants act.

For the reasons above expressed the decree of the court of chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—15.

*For reversal*—None.