THE TOWNSHIP OF CRANBURY, PLAINTIFF-RESPONDENT, v. CHAMBERLIN & BARCLAY, INCORPORATED, DEFENDANT-APPELLANT.

Decided January 5, 1928.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Aaron V. Dawes.*

For the respondent, *Wilton T. Applegate.*

PER CURIAM.

The plaintiff below recovered a judgment against the defendant below, in the Perth Amboy District Court, for the sum of $102.04, with costs. From this judgment the defendant below appeals to this court.

The facts agreed upon between counsel of the respective litigants, presenting the legal question involved in this appeal, are as follows: "The defendant, Chamberlin & Barclay, Incorporated, held two chattel mortgages covering all the goods and chattels of George R. Thompson in the township of Cranbury, county of Middlesex and State of New Jersey. One dated March 12th, 1922, and the other dated May 6th, 1925, to secure the sum of $1,450 and $389.02, respectively, and which were duly verified according to law, and duly recorded in the clerk's office of the county of Middlesex, and that there was due upon said chattel mortgage the sum of the principal of the mortgages."

"That the defendant, by virtue of the said chattel mortgage, duly sold the goods and chattels covered by the said chattel mortgages, and did not raise from the said sale sufficient to pay the amounts due on the said chattel mortgages."

"There was due to the township of Cranbury on the day of the sale, for taxes, the sum of $99.14 assessed against the said George R. Thompson for the years 1924 and 1925, and on the day of the chattel mortgage sale, the collector distrained the goods covered by the chattel mortgages, but before the sale of March 31st, 1926, and after that the sale took place."

"The validity of the mortgages of Chamberlin & Barclay, Incorporated, is admitted, and the question is whether or not the taxes become a paramount lien over the chattel mortgages held by the defendant."

"If the chattel mortgages are a paramount lien over the taxes on personal property, the defendant is entitled to judgment. If not, the plaintiff is entitled to judgment in the sum of $99.14."

The latter figure represents the exact amount of the taxes without interest added.

It is undoubtedly the settled law in this state that taxes or assessments do not become liens upon property, except by virtue of express legislation, and are collectible only in the manner provided by the statute.

For the appellant it is argued that there is no statute in this state which makes taxes or assessments, levied against personal property a first lien or charge upon personal property, and the mortgagee, therefore, was entitled to collect, out of the proceeds of the sale of the property, the whole amount due it, regardless of the fact that there had been, prior to such sale, taxes levied upon the property and a distress warrant issued to collect the same, and though the proceeds derived from such sale were insufficient to satisfy the distress warrant.

By section 513, page 870 of the laws of 1918, it is provided: "No tax or assessment imposed or levied in this state shall be set aside or reversed in any court of law or equity

in any action, suit or proceeding for any irregularity or defect in form or illegality in assessing, laying or levying any such tax assessment, or in the proceeding for collecting the same, if the person against whom or the property upon which such tax or assessment is assessed or laid is, in fact, liable to taxation for assessment in respect to the purpose for which such tax or assessment is levied, assessed or laid; and the court in which any action, suit or proceeding is, or shall be pending to review any such tax or assessment, is required to amend all irregularities or errors or defects, and is empowered if need be to ascertain and determine for what sum such person or property was legally liable for taxation or assessment, and by order or decree to fix the amount thereof, and the sum so fixed shall be the amount of tax or assessment for which such person or property shall be liable, and the same shall be and remain a first lien or charge upon the property and person, and collectible in the manner provided by law, the same as if such tax or assessment had been legally levied, assessed or imposed in the first instance  *  *  *."

We think this language is sufficiently explicit to constitute a tax or assessment, regularly levied in the first instance, against person or property, a first lien upon personal property. We must attach some significance to that part of the section which declares that "the same shall be and remain a first lien upon the property and person, and collectible in the manner provided by law, the same as if such tax or assessment had been legally levied, assessed or imposed in the first instance  *  *  *."

To adopt any other view would necessarily invoke as interpretation of the statute, which would lead to an absurdity, namely, that where a tax or assessment is irregularly assessed and levied against a person or upon personal property, such irregularity can be cured, and when this is done renders such tax or assessment a first lien upon the personal property irregularly levied against, whereas in a case where the tax or assessment is regularly levied, in the first instance, such tax or assessment does not become a first lien upon the property assessed or taxed.

To give effect to the contention of counsel of appellant would not only exempt all personal property upon which chattel mortgages and other liens created by the acts of the parties, existed, but would tend to open the door wide to the evasion of payment of taxes or assessments by parties creating liens upon property prior to the date when such taxes or assessments become liens.

We have, therefore, reached the conclusion that from a consideration of the questions raised and argued in the brief of counsel of appellant, that the tax, levied by the township of Cranbury, was a prior lien to the chattel mortgages existing on the property.

Judgment is affirmed, with costs.