## In re WILTON'S PHARMACY, Inc.

District Court, D. New Jersey.
April 11, 1932.

Cole & Cole, of Atlantic City, N. J., for Stratford Realty Co.

Louis I. Kravitz, of Atlantic City, N. J., for Abraham Streitfeld.

AVIS, District Judge.

In the administration of the above estate, the referee has made a final order of distribution. The balance to be distributed is $637.91. The order, after providing for the payment of all administration expenses, directs the payment of $422.80, the entire remains of the estate, to the Stratford Realty Company, on account of a rent claim. This payment will not satisfy the total amount due to the landlord. Abraham Streitfeld, the wage claimant, claims, and has proven, that there was due him from the bankrupt $302, earned within three months prior to the filing of the petition in bankruptcy, and asserts that his wage claim should be paid prior to the payment of the claim for rent.

The certificate of the referee states that the landlord, prior to the filing of the petition, had issued a distress warrant, and thereunder a levy had been made upon the goods of the bankrupt, and it does not appear to be disputed that this distress warrant was legally issued, and a legal and proper levy on the goods made thereunder.

Assuming this to be true, the question is whether the claim of the landlord, or the amount due the wage claimant, has priority of payment.

The wage claimant bases his right to be first paid under the provisions of section 64b of the Bankruptcy Act, as amended by Act May 27, 1926, c. 406, § 15, 44 Stat. 666 (11 USCA § 104 (b). Under this statute the distribution of bankrupt estates is, briefly, as follows: (1) Costs of preserving the estate; (2) incidental expenses and fees; (3) costs of administration, etc.; (4) expenses of opposing composition; (5) wages due to workmen, etc., earned within three months, not exceeding $600 to each claimant; (6) taxes; and (7) debts owing to any person, who, by the laws of the states or of the United States, is entitled to priority.

His contention is that the landlord's claim, under the statute, is entitled to payment by virtue of the seventh provision of the statute above referred to, and that wages, under the fifth provision, are first payable,
because the wage provision is in a prior clause in the statute.

Before the enactment of this statute, in 1898, Judge Nixon in the case of In re McConnell (N. J.) 15 Fed. Cas. page 1297, No. 8712, held that under the New Jersey laws existing at that time the claims for wages and rent should share pro rata, where the goods and chattels were not of sufficient value to pay both classes of claims in full. This decision was based upon the statute then existing and which is still in force in New Jersey.

Under the present bankruptcy statute, where no distress warrant has been issued by the landlord and a levy made thereunder before the filing of the petition in bankruptcy, the decisions are somewhat conflicting, but a conclusion on this question, as I view it, is not necessary in disposing of this matter.

However, I am satisfied that the weight of the decisions indicates that the priorities established by the bankruptcy statute, in their order therein stated, should be followed. See In re Leibowitz (C. C. A. 3) 34 F. (2d) 594; In re Brannon (D. C. N. D. Tex. Dallas Div.) 53 F.(2d) 401.

The landlord in the instant case issued his distress warrant, made service and levied upon certain personal property of the bankrupt prior to the time of the filing of the petition. The result is that he has a lien on the goods and chattels so levied upon, or the proceeds of the sale thereof by the trustee, superior to the right of the wage claimant. This lien is in no way controlled or affected by the provisions of section 64b of the Bankruptcy Act (11 USCA § 104(b). See Morgan v. Campbell, Assignee, 89 U. S. (22 Wall.) 381, 22 L. Ed. 796; Henderson, Trustee, v. Mayer, 225 U. S. 631, 32 S. Ct. 699, 56 L. Ed. 1233; City of Richmond v. Bird, 249 U. S. 174, 39 S. Ct. 186, 63 L. Ed. 543; In re West Side Paper Co. (C. C. A. 3) 162 F. 110, 15 Ann. Cas. 384; Bird v. City of Richmond (C. C. A. 4) 240 F. 545; In re C. J. Rowe & Bros. (D. C. W. D. Pa.) 18 F. (2d) 658.

An order will be made accordingly.