A receiver in insolvency of the defendant company was appointed April 7th, 1931, and he sold the assets of the defunct concern May 4th following. The landlord filed a claim for rent due from the insolvent company and the city of Newark filed one for personal taxes for the last half of the year *Page 60 
1930 and the taxes for the year 1931. The receiver allowed the taxes of 1930 and for the first half of the year 1931 as preferred claims, but disallowed a preference as to the second half year's tax. The city objects to the disallowance. The landlord, who claims a preference, protests against the priority allowance to the city for the first half-year's tax of 1931. There is not enough in the estate to pay both claims.
Under the Tax act (Revision of 1918), taxes are assessed as of the first day of October in each year (Cum. Supp. Comp. Stat.p. 3483) and are payable, one-half on the first day of April, delinquent June 1st, and the second half on the first day of December (Cum. Supp. Comp. Stat. p. 3501) and, by section 513 (Cum. Supp. Comp. Stat. p. 3499), are a first lien or charge upon the property.
We assume that the receiver disallowed the second half-year's tax (1931) because it was payable after he sold the assets. If that was his reason, he erred. The lien of municipal taxes on personal property of an insolvent corporation in the hands of a receiver does not depend upon the tax being due or delinquent, nor upon a distress warrant and levy after delinquency, but is imposed by the statute and comes into being with the assessment.Township of Cranbury v. Chamberlin Barclay, Inc., 6 N.J.Mis. R. 39; 139 Atl. Rep. 800; affirmed, 105 N.J. Law 236;Pasquariello v. Arena Twine and Cordage Co., 108 N.J. Eq. 491.
Receivers are required to pay all unpaid taxes out of the first moneys received and before any other payments are made. Comp.Stat. p. 5182.
The landlord's right to a preference of payment of rent under section 4 of the Landlord and Tenant act is subordinate to the lien of taxes imposed by the later Tax act of 1918 declaring taxes a first and prior lien to all others. See Franz RealtyCo. v. Welsh, 86 N.J. Eq. 228.
The landlord cannot attack the validity of the lien of taxes on the ground that the taxes were unlawfully assessed. They cannot be collaterally challenged. The remedy is by certiorari. Nugent
v. Hayes, 94 N.J. Eq. 305.
 The taxes are entitled to priority of payment. *Page 61