This is an application by a landlord for an order directing the receiver of defendant to pay certain arrears of rent. The landlord claims that it is entitled to priority for this rent as against the general creditors.
Defendant was adjudged insolvent on March 7th, 1932. On April 6th, 1932, the landlord filed a claim and in a letter enclosed the claim stated:
"It is my understanding that this is a preferred claim under sections 4 and 5 of the Landlord and Tenant act." *Page 261 
Between March 7th and May 27th, 1932, the receiver disposed of most of the assets of defendant, and on the last mentioned date sold the remaining assets at a public auction, which realized $1,885. On the day of the sale the landlord filed a petition asking the court to direct payment by the receiver of the amount of the rent as a prior claim. No effort was made to restrain the sale, nor did the landlord at any time make any effort to exercise any right of distraint.
In the absence of any action by way of distraint or otherwise to prevent the goods being removed by the receiver, I do not consider that the landlord has brought himself within the provisions of sections 4 and 5 of the Landlord and Tenant act.Bryson v. Miller Realty Co., 108 N.J. Law 434. The statute does not give the landlord a preference over other creditors but only under certain circumstances a lien, so that it is not entitled to a priority. I consider that the landlord by its failure to protect its rights by appropriate action has waived any claim it might have had under the Landlord and Tenant act. The prayer that the receiver be directed to pay the rent in priority over other creditors will be denied.