The receiver's report and account shows a balance of approximately $1,400 on hand. The account appears to be correct; no objection is made; and it will be approved and allowed.
The report shows claims for priority by (1) wage claimants, totaling $1,982.27; (2) personalty taxes and water rents, $482.39; (3) landlord, under distress, $477.40, and also $3,200, for which no distress was issued; (4) judgments at law, about $400. The receiver has allowed these claims, and accorded them priority in the order above stated. The landlord appeals from the receiver's determination, contending that it (the landlord) is entitled to preference in payment ahead of the wage claims.
The landlord relies on the determination by the United States district court in this district, in In re Wilton's Pharmacy, *Page 258 1 F. Supp. 717. Liens are creatures of statute, and the respective priorities of various classes of creditors in the distribution of the assets of insolvent corporations are also determined by statute. The federal decision is in a case under the Federal Bankruptcy act. The case now sub judice is under our state Corporation act, and the other statutes of our state amending or affecting the provisions thereof. The present determination must be controlled by the pertinent decisions of the state courts.
It was determined by the court of errors and appeals in FranzRealty Co. v. Welsh, 86 N.J. Eq. 228; 98 Atl. Rep. 387, that in cases of this kind the landlord has no lien on the assets, if he has issued no distraint prior to the insolvent receivership; that he has nevertheless a preferential right or claim, ahead of the claims of general creditors, against the assets in the hands of the receiver; but that such preferred claim is subordinate to the claims of employes for wages under sections 83 and 84 of the Corporation act.
So far as concerns the landlord's claim for the $3,200 in the instant case, therefore, the receiver was correct in determining that the wage claims are entitled to payment ahead thereof. The question as between this rent claim and the claim for taxes was correctly decided by the receiver. Chase Brass and Copper Co.
v. Bart Reflector Co., Inc., 111 N.J. Eq. 59; 161 Atl. Rep. 54.
See, also, what is said by the appellate court in Glaser v.Achtel-Stetter's Restaurant, Inc., 106 N.J. Eq. 150;149 Atl. Rep. 44 (at the bottom of p. 156). This question, however, is probably only academic in the present case, for the assets are insufficient to pay the wage claims in full, and the wage claims come ahead of the claim for taxes (Gleason v. Chemical and DyeCo., 112 N.J. Eq. 383; 164 Atl. Rep. 588; Spark v. La ReineHotel Co., 112 N.J. Eq. 398; 164 Atl. Rep. 589), except such current taxes as are an expense of administration. Geran v.New Jersey Sand and Gravel Co., 114 N.J. Eq. 414.
There is still the question as to priority between the wage claims and the landlord's claim of $477.40 for rent for which distress was levied four days before the receivership. For this *Page 259 
amount, the landlord did have a lien Glaser v.Achtel-Stetter's Restaurant, Inc., supra (at p. 155);Bryson v. Miller Realty Co., 108 N.J. Law 434;158 Atl. Rep. 823 — at p. 438), and hence the precise question was not adjudicated in the Franz Realty Co. Case, supra. Consideration of the reasoning of the court in that case, however, leaves no doubt but that a claim for rent under distress levied prior to the receivership is also subordinate to the wage claims.
The statute (Corporation act, sections 83, 84) gives a lien to the wage claimants, and expressly provides that it shall be "prior to all other liens which can be, or may be, acquired," except three specified liens of chattel mortgages and real estate mortgages. In the Franz Realty Case, the court points out that these sections are legislation subsequent to, inconsistent with, and therefore modify or repeal, the provisions of the earlier landlord and tenant statutes.
Upon similar reasoning Vice-Chancellor Backes determined in theChase Brass and Copper Co. Case, supra, that tax claims come ahead of rent, and later that the wage liens are ahead of mechanics' liens (J.W. Pierson Co. v. West Orange-VeronaBuilding Co., 112 N.J. Eq. 426; 164 Atl. Rep. 567). He therein says (at p. 428), "when property, subject to mechanics' liens, becomes an asset in the hands of a receiver, the legislative preference for the wage claims is expressed in no uncertain terms, that they shall have priority to the exclusion of all others, except three types of recorded liens."
Finally, in the Gleason Case, supra, the forceful and explicit language of the wage lien sections is interpreted and determined as giving wage claims superiority over tax liens arising under legislation which, though subsequent to, was not necessarily inconsistent with, the wage lien legislation.
By the force and effect of the terms of the statute, in the distribution by a statutory receiver, of the assets of an insolvent corporation, wage claims are preferred ahead of all
other claimants, except the specified chattel and real estate mortgage holders. Those statutory provisions have not been modified in favor of the claims of landlords or liens under distress for rent, by any subsequent legislation. The wage claims are *Page 260 
entitled to priority; and the receiver's determination in this behalf will be sustained.
It may be also that the lien or preference claimed under the distress might be determined adversely to the landlord — in the present case, for an additional reason. Section 86 K of the Corporation act provides (1 Cum. Supp. Comp. Stat. p. 680) that all liens obtained, through legal proceedings, against a corporation later adjudged insolvent, within four months prior to the insolvency proceedings, shall be null and void if the corporation was insolvent at the time the lien was obtained. In the present case, the distress was levied only four days before the adjudication and appointment of receiver, and it clearly appears that the corporation was insolvent at that time.Quaere, was the distress a "legal proceeding?"
The allowances asked by the receiver and his counsel — $400 to each — are not opposed, and will be granted. They are very low for the work done — which included the operation of the plant and the completion of goods in process of manufacture. Allowance to complainant's solicitor is based on the benefit to creditors from the filing of the bill and obtaining appointment of the receiver. In the present case, there was a benefit to the wage claim creditors (they would have received nothing, if the bill had not been filed and the landlord's distraint thus avoided), but to be commensurate with that benefit the allowance can only be small, and will be fixed at $75. These allowances and the taxed costs are administrative expenses and are of course first payable before the net estate for distribution is ascertained.
Distribution will be made to the wage claimants, pro rata, since there will not be enough to pay them in full. *Page 261