This proceeding seeks the determination of the rights of the various petitioners to certain funds in the hands of the receiver for the defendant corporation, representing the proceeds of the sale by the receiver of two certain automobiles, one a Plymouth and the other a Chrysler. The facts, which are stipulated, vary as to the two cars and for that reason each set of facts will be discussed separately.
 FIRST, AS TO THE PLYMOUTH
On May 10th, 1932, DeCozen Motor Company sold and delivered to Keyport Auto Sales Company, Incorporated, hereinafter referred to as the dealer, the automobile in question and on the same date received from the dealer its check drawn on the Keyport Banking Company of Keyport, New Jersey, for the full amount of the purchase price. Said *Page 370 
check was deposited on May 11th, 1932, in the Fidelity Union Trust Company of Newark, New Jersey, and on May 13th, was protested by the bank on which it was drawn, by reason of insufficient funds. On May 20th, 1932, DeCozen Motor Company made a written demand for possession of the automobile upon Coastal Properties, Incorporated, the dealer's landlord, which had, on May 18th, 1932, distrained on all the goods and chattels of the dealer, including the automobile in question. Also, on May 20th, 1932, a writ of replevin at the suit of DeCozen Motor Company was issued to the sheriff of Monmouth county.
On May 10th, 1932, Finance Corporation of America loaned the sum of $576.60 to the dealer for the purpose of enabling the latter to purchase the automobile in question. To secure this loan the dealer, on the same day, executed and delivered a chattel mortgage covering this particular car. The mortgage was recorded on May 25th, 1932. Thereafter the Finance Company assigned its chattel mortgage to the petitioner General Credit Corporation.
On May 23d 1932, this court appointed a receiver for the dealer. Pursuant to an order of this court made on July 12th, 1932, the receiver sold all the assets of the dealer, including the Plymouth automobile, free and clear of all liens.
The proceeds of the sale of the Plymouth automobile are now claimed by the receiver; by DeCozen Motor Company, which asserts that title to the car never passed from it to the dealer; by General Credit Corporation, by virtue of the chattel mortgage given to Finance Corporation of America; and by the landlord under its distraint.
It may first be settled that the transaction between DeCozen Motor Company and the dealer was a cash sale. General Credit Corporation contends that in accepting the dealer's check the seller extended credit to the buyer at least for the period between the time when the check was accepted and the time it was presented for payment. To that contention there is no merit, for the generally accepted rule is that the acceptance of a check "does not imply an extension of credit, or preclude the exercise of the right of reclamation in the *Page 371 
case of its non-payment upon timely presentation." Peoples StateBank of Michigan Valley v. Brown, 80 Kan. 520;103 Pac. Rep. 102; 23 L.R.A. (N.S.) 824, citing Hodgson v. Barrett,33 Ohio St. 63; National Bank v. Chicago, B. N.R. Co., 44 Minn. 224; Johnson Brinkman Commission Co. v. Central Bank,116 Mo. 558; Hall v. Missouri Pacific Railroad Co., 50 Mo. App. 179;Mathews v. Cowan, 59 Ill. 341; Canadian Bank v. McRea,106 Ill. 281; Peoria P.U.R. Co. v. Buckley, 114 Ill. 337;Charleston W.C.R. Co. v. Pope, 122 Ga. 577. See, also,Claudian Leatherbury v. Connor (Court of Errors andAppeals), 54 N.J. Law 172.
The transaction between the seller and the dealer being a sale of a specific chattel, the question as to when title passed is to be determined by the intention of the parties as manifested by their conduct and all the attendant circumstances. That no conditional sales agreement was entered into, that no other security for deferred payment was taken and that the dealer gave to the seller a check for the full amount of the purchase price at the same time the car was delivered all indicate beyond question that the transaction was intended by the parties to be a sale for cash. A sale for cash is a conditional sale and as between the parties no title vests thereunder by delivery without payment unless the delivery be made under such circumstances as to evince a waiver of the condition. Hirsch v. LeatherbeeLumber Co., 69 N.J. Law 509; National Bank of Commerce v.Chicago B. N.R. Co., supra; 9 L.R.A. 263; Young v.Harris-Cortner Co., 152 Tenn. 15; 54 A.L.R. 516. Central UnionTrust Co. v. Willat Film Corp., 99 N.J. Eq. 748, is to the effect that payment by check is not complete until the check is paid and that a receipt is no receipt unless the check is honored. By analogy, delivery is no delivery (at least for the purpose of passing title), unless the check is paid. Pending payment the delivery is conditional only. It was definitely held in National Bank of Commerce v. Chicago, B. N.R. Co.,supra, that the delivery of a check is not payment, but is only so when the money is received on it; and that there is no presumption that a creditor takes a check in absolute payment *Page 372 
arising from the mere fact that he accepts it from his debtor.
Under such circumstances, if the check is presented for payment promptly and is not paid, the rights of third parties not intervening, the vendor, acting with due diligence, may retake the goods for title has never passed from him. Hirsch v.Leatherbee Lumber Co., supra; Leatherbury v. Connor, supra;Frech v. Lewis, 218 Pa. 141; 31 A.L.R. 586, citing In rePerpall, 256 Fed. Rep. 758. It was, of course, competent for the parties to make any agreement they saw fit as to when the absolute title to the car should pass. But in the absence of anything to indicate the contrary, the transaction between them must be taken to have been the ordinary one of the sale of a specific chattel for cash, delivery being made in the expectation of immediate payment. Peoples State Bank of Michigan Valley v.Brown, supra.
It being determined that the dealer never obtained title, it is unnecessary to pass upon the validity of the chattel mortgage, which is questioned by the receiver and by the landlord. Nor is it necessary to treat of the landlord's claim other than to say that the Distress act does not authorize the landlord to distrain on chattels in the tenant's possession belonging to strangers. 1Comp. Stat. p. 1940.
The proceeds of the sale of the Plymouth automobile will accordingly be awarded to the petitioner, DeCozen Motor Company.
 SECOND, AS TO THE CHRYSLER
The vendor of this car is making no claim here and it is assumed that the Chrysler was fully paid for by the Keyport Auto Sales Company and that title thereto vested in that company, although the stipulation of facts is silent on this point. Other material facts relating to the Chrysler automobile which differ from those applying to the Plymouth are as follows:
On March 16th, 1932, the dealer executed and delivered to Finance Corporation of America, a chattel mortgage covering the Chrysler. This chattel mortgage was filed March *Page 373 
23d 1932, in the Monmouth county clerk's office in book 14 of conditional sales agreements. It was not then nor has it since been recorded as a chattel mortgage. This instrument was also assigned to General Credit Corporation. the assignment being unrecorded.
The validity of the chattel mortgage is attacked on several grounds of which it is necessary to discuss only one, namely, that it was not recorded forthwith in accordance with the requirement of the Chattel Mortgage act. 1 Comp. Stat. p. 463.
It appears that the instrument was not delivered to the Monmouth county clerk's office until seven days after the date of its execution. This lapse of time is not a compliance with the statute and the mortgage is therefore void as to creditors.Hardcastle v. Stiles McClay, 69 N.J. Law 551; affirmed,70 N.J. Law 828; Brockhurst v. Cox, 71 N.J. Eq. 703;Bollschweiler v. Packer House Hotel Co., 83 N.J. Eq. 459;Stanber v. Sims Magneto Co., 98 N.J. Eq. 38; affirmed, 99 N.J. Eq. 455; Pincus v. United States Dyeing and Cleaning Works,99 N.J. Eq. 160.
As between the receiver and the landlord, the latter is entitled to a preference. The distress levied by the landlord, on May 18th, 1932, was prior to the appointment of the receiver in this cause, which took place on May 23d 1932. An order of the court of chancery appointing a receiver and directing him to take possession of the goods and chattels of an insolvent corporate tenant falls within the limits of section 4 of the Landlord and Tenant act (3 Comp. Stat. p. 3066), which provides that no goods or chattels on the leased premises shall be liable to be taken by virtue of execution, attachment or other process unless prior to such removal all rent due for the premises at the time of taking, not to exceed one year's rent, is paid. Wood v.McCardell, 49 N.J. Eq. 433; Franz Realty Co. v. Welsh, 86 N.J. Eq. 228.
Consequently the landlord is entitled to be paid by the receiver rent in arrears not exceeding one year, out of the proceeds of the sale of the Chrysler automobile, and as preferred claim. Whitehead v. Whitehead Pottery Co., 115 N.J. Eq. 257.
I will advise a decree in accordance with these conclusions. *Page 374