Complainant, a general creditor of the insolvent defendant corporation, prosecutes this appeal from the receiver's determination *Page 538 
allowing the landlord's claim of $1,133.88 for rent due for the premises occupied by said defendant as a preferred claim.
Neither the amount of this rent claim nor the fact that it represents less than one year's rent is in anywise here questioned or disputed. The sole ground of complaint and the only one upon which the present appeal is founded and prosecuted is that the receiver erroneously allowed the claim in question a preference or priority in payment over that of complainant and the other general creditors of the defunct defendant corporation.
I am unable to agree with appellant's contention that the landlord, in consequence of his failure to distrain the defendant corporation's goods and chattels or to give the notice prescribed by section 5 of the Landlords' and Tenants' act (Comp. Stat. p.3067), is not entitled to the preference or priority in payment which the receiver has accorded to his claim.
The right to the preference and priority here sought by and allowed to the landlord does not, as appellant has obviously misconceived, emanate from any lien upon the tenant's goods and chattels effected by their distraint for non-payment of rent pursuant to the provisions of an act concerning distresses (Comp. Stat. p. 1939), nor from the giving of the notice prescribed by section 5 (Comp. Stat. p. 3067), which is only applicable to and required in cases where, as not here, the goods and chattels have been taken and removed from off the demised premises.
By the provisions of section 4 of an act concerning landlords and tenants (Comp. Stat. p. 3066), the taking by virtue of any execution, attachment or other process of any goods or chattels then being upon any lands or tenements which are or shall be leased is absolutely prohibited, unless the party at whose suit the execution or other process is issued out shall, before the removal of the goods from off the said premises by virtue of said process, pay to the landlord or his bailiff all rent due for said premises at the time of said taking or removal not exceeding one year's rent. *Page 539 
The phrase, "other process" as used in this section, unquestionably includes an order of this court directing the receiver by it appointed for the insolvent corporation-tenant to take possession of the latter's goods and chattels then found upon the demised premises. Wood v. McCardell, West FarrellCarriage Co., 49 N.J. Eq. 433.
It is the foregoing statutory enactment — and not the acquisition of a lien upon the defendant company's goods and chattels pursuant to provisions of the act concerning distresses,supra, as appellant erroneously insists — that constitutes the basis of the right to a preference or priority which the landlord here sought and the receiver properly allowed (Franz Realty Co.
v. Welsh, 86 N.J. Eq. 228), and which right, in cases such as the one at bar, exists quite independent of and even in the absence of the landlord's acquisition of any lien upon his tenants' goods and chattels. Wood v. McCardell, West FarrellCarriage Co., supra.
The considerably different circumstances presented inFinneran v. J.H. Fitzgerald, Inc., 112 N.J. Eq. 260,
precludes any analogy between that case and the one at bar to which it is thus rendered wholly inapplicable.
An order sustaining the receiver's determination and dismissing the petition of appeal will be advised.