FRIEDMAN v. WOODS MOTOR VEHICLE CO.*

SMITH v. WOODS MOTOR VEHICLE CO. et al.

(Circuit Court of Appeals, Seventh Circuit. May 14, 1903.)

No. 941.

1. WAREHOUSEMAN—LOSS OF GOODS BY FIRE—LIABILITY FOR INSURANCE MONEY COLLECTED.

The owner of goods, destroyed by fire while in storage with other goods owned by the warehouseman, is not entitled to recover a portion of the insurance collected by the warehouseman on general policies covering all goods for which he was liable, without showing that he has not been indemnified for the loss by other insurance.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The facts are stated in the opinion of the court.

C. Stuart Beattie, for appellant.

S. O. Levinson, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion of the Court.

The Woods Motor Vehicle Company, at the time of the filing of the intervening petition under review, was in the hands of Max Whitney, as Receiver appointed by the Circuit Court for the Northern District of Illinois at the suit of a stockholder. The intervening petition was filed, on leave, by John C. Smith, appellant, and having been amended was demurred to, and the demurrer sustained. Thereupon an amended petition was filed; but this, also, was demurred to, and the demurrer sustained. From the order sustaining the demurrer to the amended petition, this appeal is prosecuted.

The amended petition in substance shows that the petitioner, a manufacturer of carriages, buggies and other vehicles, on or about the 20th of July, 1901, delivered to the Woods Motor Vehicle Company, twelve vehicles to be stored, by the last named company, in its premises on Wabash Avenue, in the City of Chicago, at a fixed storage charge; that such vehicles came, about the 26th of September, 1901, on the appointment of the Receiver, into the possession of the Receiver, and were by him kept in possession until destroyed by fire in the October following; that upon his appointment and qualification, the Receiver procured divers policies of insurance against loss or damage by fire, "on account of carriages, cabs, wagons and other vehicles, and all materials held by him in trust or in commission, or sold but not delivered, or for which he may be liable, and upon machinery * * * contained in the building on Wabash Avenue"—that being the building containing petitioner's vehicles on storage; that on the 26th of October, 1901, the said vehicles, along with others occupying said building, were destroyed by fire, whereby petitioner lost property of the value of three thousand, two hundred and seventy-five dollars; that on or about the 15th of December, 1901, the losses covered by

* Rehearing denied May 15, 1903.

said policies were settled and determined between the insurers and the Receiver at a total of twelve thousand, four hundred thirty-one dollars and sixteen cents, and the amount so determined paid to the Receiver; but that the Receiver refuses to account to the petitioner for any portion of the insurance money so received, or the losses on the vehicles so stored and destroyed; and praying that such an accounting may be ordered.

The petition contains no averment that the petitioner had no other insurance, or was in no way, other than by the policies taken out by the Receiver, indemnified against loss by the fire in question. This omission is, in our judgment, fatal to the sufficiency of the petition. It is supplied by nothing that can be construed as its equivalent in the record. The petition leaves the court without knowledge of any kind on the subject whether the petitioner has not, already, by other insurance, been indemnified. Information on that subject is essential to any order the court might have power to make on the insurance money collected; and the information should come from the petitioner. This is so, both because the absence of other insurance is a condition upon which alone relief could be granted, and because knowledge on that subject is peculiarly within the petitioner's possession.

In the view thus taken, it is unnecessary to pass upon the other question in the case. The order of the Circuit Court is affirmed.