ATTORNEY-GENERAL, EX REL. WILLIAM BLISS et al.,

*v.*

LINDEN CEMETERY ASSOCIATION et al.

[Submitted July 3d, 1917. Decided September 17th, 1917.]

Where a case is referred to a master to ascertain what will be a reasonable sum to be paid to a grantor for services and profit in the purchase and sale of property, a finding by the master of a certain sum for the services of the grantor, no finding being made for the profit on the purchase and sale of the property in view of the services of the grantor and their value to the grantee. exception to such finding will be sustained.

On exceptions to master's report.

*Messrs. Vail & McLean,* for the exceptants.

*Messrs. Osborn & Cornish,* for the respondents.

BACKES, V. C.

For a comprehensive understanding of the question presented by the exceptions filed to the master's report, the opinion of Mr. Justice Garrison in the court of errors and appeals (*85 N. J. Eq. 501*), reversing this court (*83 N. J. Eq. 494*), must be consulted.

Upon the coming down of the *remittitur* the matter was referred to a master "to ascertain what will be a reasonable sum to be paid to the grantor in said deed and his assigns for services and profits on the purchase and sale of said property in view of the services of the grantor and their value to the grantee," and the master has reported the sum at $4,000, with interest, to which exceptions are filed. The master measured and determined the amount upon the basis of compensation for the services of the grantor, whereas, according to the view of the court of errors and appeals, he should have ascertained and reported a reasonable sum for the profit of the grantor "in view of the services of the grantor and their value to the grantee." While the *remittitur* is not precisely in the language of the opinion of the court of errors and appeals, its phraseology is such as to permit an inquiry and findings conformable to the directions laid down in the opinion. The supposed variance in nowise interferes with the application of the criterion adopted by the appellate court in establishing the sum to be paid the grantor.

Covenant "two," providing for the profit of the grantor, was declared extra-statutory solely because the amount to be paid was unliquidated. In its moral aspect it has the approval of the upper court, and percentage as a basis of calculation is not looked upon with disfavor.

A profit of ten per cent. of the gross proceeds of the sales of burial plots was agreed upon by the contracting parties and is to be presumed reasonable, and had they estimated the probable

total income from sales and thereon accordingly fixed the amount of the profit, the vice in the covenant which caused its destruction would have been obviated. A substitute for this indispensable element of the covenant will be furnished by adopting the course the parties themselves could lawfully have pursued. The amount of the percentage is not unreasonable under the circumstances, and the aggregate will be small or large, depending entirely upon the successful prosecution of the cemetery enterprise. The testimony before the master disclosed that a fair and reasonable average price for lots is fifty cents per square foot; that the gross proceeds of the sale of all of the lots at this rate will exceed a million and a half dollars, and that the net income will be over a million dollars. Staggering as these figures are, and large as the profit must be, if they are realized, they serve to emphasize the value of the grantor's services to the grantee—a controlling factor in the measure of profit which the master has wholly ignored.

The exceptions will be sustained and the matter referred to the master for further investigation and report, in accordance with these conclusions.

NOTE.—Modified, *89 N. J. Eq. 192.*