STEEL AND IRON MONGERS, INC., a corporation,

*v.*

BONNITE INSULATOR COMPANY, a corporation.

[Decided February 24th, 1919.]

The preference given by section 22 of the Workmen's Compensation act (*Comp. Stat. first supp. p. 1638*) is, in the case of insolvent corporations, under section 83 of an act concerning corporations (*Comp. Stat. p. 1650*), confined to an amount representing the weekly award for the two months preceding the institution of the proceedings in insolvency.

On bill, &c. On appeal from receiver's determination.

*Messrs. Cortlandt & Wayne Parker,* for the claimant-appellant.

*Mr. Samuel Kaufman,* receiver, *pro se.*

LANE, V. C.

The appellant filed with the receiver of the Bonnite Insulator Company, an insolvent corporation, a claim for $951.50, based on an award made by the Workmen's Compensation Aid Bureau under the provisions of the Workmen's Compensation act (*Comp. Stat. first supplement p. 1638*), and an agreement made between the employer and employe, after the award, under the terms of which the employe was to receive compensation at the

rate of $5.50 per week for seven weeks for temporary disability, and compensation for permanent injury at the rate of $5.50 a week for two hundred weeks, totaling $1,100, which agreement was duly filed with the department of labor and approved by the department June 19th, 1918. Compensation for temporary disability was fully paid and compensation on account of permanent disability had been paid to the extent of $148.50, leaving due, or to become due, on account of the award and agreement, $951.50. Appellant asks preference in the distribution of the assets of the estate. The receiver allowed the claim as preferred for $44, making up such figure by considering the $5.50 per week unpaid for the two months preceding the date when proceedings in insolvency were actually instituted and begun against the insolvent corporation as preferred under the provisions of section 83 of the act concerning corporations (*Rev. of 1896; Comp. Stat. p. 1650*), and allowed the claim as unsecured for the balance of the award. Appellant rested his right to preference upon the provisions of section 22 of the Workmen's Compensation act (*Comp. Stat. first supplement p. 1651*), which reads as follows:

"The right of compensation granted by this act shall have the same preference against the assets of the employer as is now or may hereafter be allowed by law for a claim for unpaid wages for labor."

By a supplement to the Workmen's Compensation act (*P. L. 1915 p. 364; Comp. Stat. first supplement . p. 1651 arbitrary section 22a*) it is provided that any judgment entered in the court of common pleas, pursuant to the provisions of the act, may be docketed in the supreme court and thenceforward operate as a judgment rendered in that court. Section 21 of the act (*Comp. Stat. first supplement p. 1649*) gives the court of common pleas power to commute the compensation awarded at its present value when discounted at five per cent. simple interest. In the instant case, there has been no commutation, nor has any judgment been entered or docketed as provided by section 22a.

The determination of the question turns upon the meaning of section 22. That section does not purport to give a general preference. The preference given is such "as is now or may

hereafter be allowed by law for a claim for unpaid wages for labor." When resort is had to legislation providing for preferences for claims for labor, it will be discovered that there is no general preference provided for. The act to secure to operatives in manufactories and other employes their wages (*Comp. Stat. p. 3044* § *94*) provides that no goods, chattels or personal property whatsoever, being in this state, and belonging to any manufacturer or other person or persons, or to any corporation, shall be liable to be removed by virtue of any execution, attachment or other process, unless the party by whom, or at whose suit said execution, attachment or other process was issued or sued out, shall first pay or cause to be paid to the operatives, mechanics and other employes wages then owing, not exceeding two months. Section 83 of the act concerning corporations (*Rev. of 1896; Comp. Stat. p. 1650*) provides:

> "In case of the insolvency of any corporation the laborers and workmen, and all persons doing labor or service of whatever character in the regular employ of such corporation, shall have a first and prior lien upon the assets thereof for the amount of wages due to them respectively for all labor, work and services done, performed or rendered within two months next preceding the date when proceedings in insolvency shall be actually instituted and begun against such insolvent corporation."

Under the General Assignment act (*Comp. Stat. p. 118* § *10*) labor is made preferred to the extent of $300.

It is difficult to understand precisely what the legislature meant by the language used in section 22 of the Workmen's Compensation act. If it had been intended to give a general preference to the amounts awarded as compensation clear language expressing such purpose might have been used. The term "right of compensation," used in section 22, must, of course, refer to the amounts awarded as compensation. The same preference then is given to the claimant for such amounts as is allowed by law for a claim for unpaid wages for labor. The claim for unpaid wages for labor allowed in the case of insolvent corporations is prescribed by section 83 of the Corporation act, and is for claims for labor for a period not exceeding two months prior to the institution of the proceedings in insolvency. Labor

is therefore given but a limited preference. A holding that the entire amount of the award for compensation under the Workmen's Compensation act is entitled to preference would require a disregard of the limited preference given to labor and of the fact that if such had been intended, apt and clear language was available to express such an intent. While the award may not be considered in all respects as wages accruing, the award being in reality for injuries sustained, yet in order to make effective, in any way, the provisions of section 22 I think that, for the purpose of that section, the award must be considered as in the nature of wages and the preference is confined to the amount accrued and unpaid computed at the weekly rate for the two months preceding the institution of the proceedings in insolvency.

The action of the receiver upon the claim therefore will be sustained.

I express no opinion, the matter not being before me upon this appeal, as to whether the receiver is correct in allowing the unpaid balance to accrue as an unsecured claim for the face amount, or as to whether he ought not to have allowed it for the present value commuted in accordance with the provisions of the act.

No costs to either party. Settle order on one day's notice.