WILLIAM BLISS et al., complainants-appellants,

*v.*

LINDEN CEMETERY ASSOCIATION, respondent.

[Submitted December 8th, 1919. Decided March 1st, 1920.]

On appeal from the court of chancery. See opinion of that court, *90 N. J. Eq. 404.*

*Messrs. Vail & McLean,* for the appellants.

*Mr. Clark McK. Whittemore,* for the respondent.

*Mr. Abram H. Cornish,* for the receiver.

PER CURIAM.

The only question raised relates solely to the priority of payment of allowances awarded to the receiver, the amount of which is not questioned, for operating expenses, services and counsel fees out of moneys collected in two ways—first, by sales of lots, pursuant to the cemetery scheme, under which the receiver has operated the cemetery as a going concern; secondly, out of the proceeds of sale of land of the insolvent cemetery corporation to a railroad company. The scheme, as noted in previous reports of this litigation (*Bliss* v. *Cemetery Association, 85 N. J. Eq. 501; S. C., 89 N. J. Eq. 192*), involved a reservation of ten per cent. on gross proceeds of sales, and appellants claimed, before Vice-Chancellor Backes, who advised the order now before us, that they were entitled to a vendor's lien which should be held prior to the expense of operating and of the receivership. The vice-chancellor rejected this claim, and rightly so. The well-settled rule, touching expenses of receivership of an insolvent corporation, is laid down by statute in section 85 of the Corporation act, which provides that

"before distribution of the assets of an insolvent corporation among the creditors and stockholders, the court of chancery shall allow a reasonable compensation to the receiver for his services and the costs and expenses of the administration of his trust, and the cost of the proceedings in said court to be first paid out of said assets."

And the next section clearly indicates that such allowance precedes all liens, special and general, upon the funds of the corporation. There is no claim that the receiver ought not to have continued the business; no doubt he had the express direction of the court so to do. Under such circumstances, the question of the existence of a vendor's lien is not involved in determining the priority of the award, for conceding its existence, for present purposes, it cannot precede the expenses of administering the trust.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—14.

*For reversal*—None.

[Submitted December 8th, 1919.   Decided March 1st, 1920.]

*Messrs. Vail & McLean,* for the appellants.

*Mr. Clark McK. Whittemore,* for the respondent.

*Mr. Abram H. Cornish,* for the receiver.