The order appealed from in this matter was entered upon the return of an order to show cause why the final report and account of the receiver for the defendant corporation should not be confirmed.
An appeal having been taken, I feel that I should state the reasons why I advised the order.
The defendant corporation was decreed to be insolvent under the General Corporation act, a statutory receiver was appointed and the statutory injunction issued.
The receiver converted all the assets of the defendant corporation into cash, and had in his hands for distribution, $33,363.91, which money was the proceeds of the sale of three parcels of real estate. *Page 307 
The receiver asked for an allowance of $4,000 for his services, and for an allowance of $3,000 for the services of his counsel, who were also solicitors for complainant, the latter allowance to be for their services in both capacities. These allowances were made in the amounts asked.
The receiver reported that the moneys in his hands consisted of three funds, and in his report he determined the order in which these moneys should be distributed; he also recommended that the general expenses of administration of the estate including his fees and those of his counsel, should be prorated among the several funds.
Of the numerous claimants to the several funds, Mr. Boyd was the only one who appeared in opposition. He represents two mortgagees, one of whom is interested in the "15 Fairway Fund" and the other of whom is interested in the "17 Fairway Fund." No exceptions to the report have been filed by anyone including Mr. Boyd.
On the return of the order to show cause, Mr. Boyd did not question the determination of the receiver as to the order of distribution of the several funds, and the receiver's determinations appearing to be correct, that part of his report was confirmed, together with the other matters set up in the report. Nor did Mr. Boyd question that the general and administration expenses should be distributed among the three funds in the proportion that each fund bears to the amount to be distributed. That was the rule, adopted in the case of Meister
v. J. Meister, Inc., 103 N.J. Eq. 78; decided by Vice-Chancellor Berry, and seems to me to be equitable.
The only objections voiced were by Mr. Boyd, and they were as to the allowances asked for by the receiver for his services and those of his counsel; not that the amounts asked for are too high, but that if these allowances are made, the two mortgagees represented by him would not be paid the full amount of principal and interest which the receiver found by his report to be due them. From my knowledge of the proceedings taken in this matter, and from the uncontradicted statements made before me in open court, I am *Page 308 
satisfied that the services of the receiver and of his counsel are fairly worth the amounts respectively requested, taking into consideration the quantum of the estate, pains, risk, trouble, and avails gotten, and the value of the services to the estate.
The receiver and his counsel have conducted the affairs of this estate in a highly economical, and very advantageous manner, and to refuse them reasonable compensation for their services would be a grave injustice.
It is well settled that the expenses of administering the affairs of an insolvent corporation are prior to all liens, special and general, upon the funds of the corporation.Attorney-General v. Linden Cemetery Assn., 90 N.J. Eq. 398;Seidler v. Branford Restaurant, 97 N.J. Eq. 153; affirmed,Ibid. 531; Greenbaum v. Lafayette and Broad Realty Corp., c.,97 N.J. Eq. 536; Bankers Trust Co. v. Maxson, 100 N.J. Eq. 1.
I felt that the objections urged by Mr. Boyd should not, in view of the above rule, cause me to refuse just compensation to the receiver and his counsel for services well and economically rendered under the direction of this court.