The preliminary facts appear in our opinion on an earlier appeal under the same title reported in 7 N.J. Adv. R. 717;146 Atl. Rep. 213. A final decree thereafter made by the court of chancery is now appealed from in three respects. The Savings Investment and Trust Company, substituted trustee, appeals upon the grounds that the decree (1) directs that thirty-nine per centum of the receivership expenses be deducted from appellant's allowed claim, and (2) further charges that claim with an allowance of $1,000 to Messrs. Wall, Haight, Carey Hartpence as counsel fee in their representation of Roland J. Francis, who, as trustee, had been succeeded by the Savings Investment and Trust Company. Hudson and Essex Building and Construction Company appeals upon the ground that the decree does not carry an allowance of costs to this appellant and a counsel fee to its solicitors, taxable either against the remaining claimants or against the general funds in the hands of the receiver.
The Savings Investment and Trust Company, substituted trustee, was, by the master's report, the chancery decree confirming that report and the decision of this court, placed in priority above all other creditors as to its claim of $44,700. The moneys in the receivers' hands are adequate to pay that amount with interest as well as all receivership expenses, the claim of Hudson and Essex Building and Construction Company with interest and a part of the mechanics' lien claims. There are no funds with which to pay any part of the trustee's further claim amounting to approximately $55,485, which is subsequent to the foregoing priorities. The effect of the imposition for administration expenses is to reduce by some thousands of dollars the amount already determined, both here and below, to be payable to the appellant above all other *Page 470 
claims. That of itself would be sufficient ground for granting the relief sought under this point.
But there is also a more generally applicable reason. The Corporation act (2 Comp. Stat. p. 1652) provides in section 85:
"Before distribution of the assets of an insolvent corporation among the creditors or stockholders, the court of chancery shall allow a reasonable compensation to the receiver for his services and the costs and expenses of the administration of his trust, and the costs of the proceedings in said court, to be first paid out of said assets."
And in section 86:
"After payment of all allowances, expenses and costs, and the satisfaction of all special and general liens upon the funds of the corporation to the extent of their lawful priority, the creditors shall be paid proportionally to the amount of their respective debts."
It was therefore within the authority of the statute first to pay the administration expenses and then to disburse the balance of the funds amongst the creditors according to their priorities and respective debts. It is settled that the general expenses of a receivership may be paid out of the funds in a receiver's hands before the payment of debts, whether the latter be by way of mortgage or otherwise. Seidler v. Branford Restaurant, Inc.,97 N.J. Eq. 531; Bliss v. Linden Cemetery Association, 91 N.J. Eq. 329.
That such has been the prevailing practice appears from the cases. Lyle v. Staten Island Terra Cotta Lumber Co.,62 N.J. Eq. 797; Bankers Trust Co. v. Maxson, 100 N.J. Eq. 1. The vice-chancellor was actuated by the apprehension, undoubtedly well founded, that if the fees and costs of the receiver are to be first paid from the funds in hand and then the respective claims in order, the practical effect will be to place upon the mechanics' lien claimants the entire burden of the expense of the receivership. He considered that the prorating of the expenses would effect a fairer and more equitable solution and cited in support thereof Lembeck v. Jarvis Terminal Cold Storage Co.,68 N.J. Eq. 352; Meister v. J. Meister, Inc., 103 *Page 471 N.J. Eq. 78, and Franklin Lumber Co. v. Harold Anderson,Inc., 104 N.J. Eq. 306. Those cases, to the extent that they indicate a practice of prorating the expense, have to do with two or more funds, arising from different sources, upon which there were separate liens, but all within the purview of the receivership. The funds in their distribution went different ways and presented a different problem from our own, which relates to a single fund subject to successive liens, the lawful order of which has been judicially determined. The rule being to pay first the general expenses of the receivership and then the claims in their order of priority, we fail to see the justice of depriving a claim of its priority in order that an inferior claim may be proportionately benefited.
This was admittedly a proper instance for the intervention of the court of chancery and for the appointment of a receiver; and the receiver's services were not questioned either in point of authority or efficiency. Hence, the situation treated in Glaser
v. Achtel-Stetter's Restaurant, Inc., 106 N.J. Eq. 150;149 Atl. Rep. 44, did not arise.
We find no reason to vary from the rule. The receivers' expenses and allowances should be paid first from the funds in the receivers' hands; then the claims in their order.
With respect to the trustee's second ground of appeal, it is to be noted that Wall, Haight, Carey Hartpence were the attorneys for the trustee's predecessor in title. The real party litigant remained the same. A new trustee was appointed and new attorneys were employed, and the necessary substitutions were effected; but the party now charged with the allowance is the party that received the service, and the service was rendered in this identical litigation. It is quite clear that the general fund should not be obliged to compensate counsel for the trustee who, after all, was only a creditor and one of a number of creditors. It is the duty of the respective creditors to pay their own counsel fees. Unger v. Newlin Haines Co., 95 N.J. Eq. 16; Inre New Jersey Refrigerating Co., 99 N.J. Eq. 155. Appellant does not ask that the allowance should be stricken; indeed it could not *Page 472 
well do that inasmuch as the attorneys to whom the allowance was made are not in court and appellant apparently made no effort to bring them in. The point made is that the allowance should be charged against the general fund; and we think it should not be.
We finally consider the appeal of Hudson and Essex Building and Construction Company which is upon the ground that the chancellor "failed and refused" in and by the decree below to award or to allow to appellant its costs in said court of chancery and also a counsel fee to be taxed and included in said costs, to be taxed either against the trustee or to be paid out of the funds in the hands of the receivers. There is nothing either in the decree below or in the opinion of the vice-chancellor to indicate that the Hudson and Essex Building and Construction Company made application for taxed costs. The opinion deals in detail with the subject-matter as a request for an allowance of $5,000 to the solicitors of that litigant, and the conclusion of the vice-chancellor is in the following words: "I therefore refuse to make any allowance to the solicitors of Hudson and Essex Building and Construction Co." The agreed state of facts recites that "said order failed to allow costs or a counsel fee to the solicitors for Hudson and Essex Construction Company for the reasons stated in the opinion of Vice-Chancellor Church." This does not present the request for taxed costs as one that was made in the court below and there refused; and the respondent denies that there was such a request made below. We shall therefore regard the ground for appeal as relating solely to a refusal to grant an allowance to appellant's counsel. The single New Jersey case cited in support of this point, Sandford v. Clarke,38 N.J. Eq. 265, relates only to taxed costs. For the reasons given in the discussion of the trustee's point two above we think that the court below properly denied the request of Hudson and Essex Construction Company for an allowance of counsel fee to be charged either against the claim of the trustee or the general funds in the hands of the receivers. *Page 473 
The judgment below will be affirmed but modified to meet our findings.
For modification — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.