On July 5th, 1934, Harry Brawer, Walter Isabel, Ben Smith and Constantin Grobak, the petitioners herein, sustained personal injuries as the result of an elevator falling from the fourth floor to the basement of the building known as 71 Franklin street, Paterson, New Jersey, while in use by them in removing pipes and other property acquired by *Page 260 
their employer from the purchaser thereof at a public sale which the receivers of the Peerless Plush Manufacturing Company, an insolvent corporation, held on June 27th, 1934, and to recover for which injuries they, upon their verified petition, now seek leave of this court to sue the receivers at law.
In answer to the undisputed fact that the entire assets in the receivers' hands are insufficient to satisfy even the mortgage lien attached thereto, and the contention that by reason thereof their application ought to be denied, petitioners contend that their respective claims against the receivers occupy the status of an administration expense, entitled to a priority in payment even over the said mortgage lien.
In support of their contentions, petitioners cite and rely uponKlein v. Jewett, 26 N.J. Eq. 474; Berreth v. Sparks,51 Fed. Rep. 2d 441; Bartlett v. Cicero Light, Heat and PowerCo., 177 Ill. 68; St. Louis Trust Co. v. Texas Southern RailwayCo., 126 S.W. Rep. 296; Knickerbocker v. Beves,63 N.E. Rep. 174; Kain v. Smith, 80 N.Y. 458, and Smith v. EasternRailroad Co., 124 Mass. 154.
In those cases, however, the claims asserted against the receiver arose either as a result of his continuing the business of the defunct enterprise or in connection with the preservation of its assets; a situation not here present. When the defendant was adjudicated insolvent and the present receivers were appointed, it was not a going concern; its business had already been suspended and never was resumed by its receivers.
Moreover, the chief reason underlying the principles enunciated and adopted in those cases is the fact that they involved receiverships of quasi-public enterprises, having a public nature or a public duty to discharge, such as railroads or public utility companies. The distinction between such enterprises and those of a purely private nature, similar to the one now under consideration, as governing the question of priority between liens and operating expenses is well established and generally recognized. Lockport Felt Co. v. United Box Board and PaperCo., 74 N.J. Eq. 686; Raht v. Attrill, 106 N.Y. 423;13 N.E. Rep. 282; Brown v. Wintterbottom, *Page 261 98 Ohio St. 127; 120 N.E. Rep. 292; 3 A.L.R. 1465; Farmers Loanand Trust Co. v. Grape Creek Coal Co., 50 Fed. Rep. 481;16 L.R.A. 603; Central Trust Co. v. American Foundry andManufacturing Co., 141 Atl. Rep. 111; Union Trust Co. v.Illinois Midland Railroad Co., 117 U.S. 435; 29 L.Ed. 963; Wood
v. Guarantee Trust and Safe Deposit Co., 128 U.S. 416;32 L.Ed. 472; Oldroyd v. McCrea, 235 Pac. Rep. 580; 40 A.L.R. 230.
By the great weight of authority, the claims against and the indebtedness incurred by a receiver as a result of his administering the affairs and even conducting the business of an insolvent concern of a private nature, except where absolutely essential to the preservation of its property, cannot be given priority over the claims of mortgagees or lienholders to thecorpus of the property, in the absence of consent or estoppel affecting said lienees. Lockport Felt Co. v. United Box Boardand Paper Co., supra; Raht v. Attrill, supra; Moore v.Lincoln Park, c., Co., 196 Pa. 519; 46 Atl. Rep. 857; Lane v.Washington Hotel Co., 190 Pa. 230; 42 Atl. Rep. 697;Westinghouse Electric Manufacturing Co. v. Barre and MontpelierTraction and Power Co., 98 Vt. 130; 126 Atl. Rep. 594; RhodeIsland Hospital Trust Co. v. S.H. Greene Corp.,146 Atl. Rep. 765; Jerome v. McCarter, 94 U.S. 734; 24 L.Ed. 136; FarmersLoan and Trust Co. v. Grape Creek Coal Co., supra; Smith v.Shenandoah Valley National Bank, 246 Fed. Rep. 379; FidelityInsurance Trust and Safe Deposit Co. v. Roanoke Iron Co.,68 Fed. Rep. 623; Hanna v. State Trust Co., 70 Fed. Rep. 2;30 L.R.A. 201; Hooper v. Central Trust Co., 81 Md. 559;32 Atl. Rep. 505; 29 L.R.A. 262; International Trust Co. v. United CoalCo., 27 Col. 246; 60 Pac. Rep. 621; Hotchkiss v. Makeel,87 Ill. App.? 623; 60 N.E. Rep. 524.
Nor are the principles laid down in the foregoing cases in conflict with those enunciated in Attorney-General v. LindenCemetery Association, 90 N.J. Eq. 404; affirmed, sub nom. Bliss
v. Linden Cemetery Association, 91 N.J. Eq. 329; Seidler v.Branford Restaurant, Inc., 97 N.J. Eq. 531; Bankers Trust Co.
v. Maxson, 100 N.J. Eq. 1; *Page 262 Ceavatta v. Munn Realty Corp., 106 N.J. Eq. 21; Meister v.J. Meister, Inc., 142 Atl. Rep. 312; Franklin Lumber Co. v.Harold Anderson, Inc., 145 Atl. Rep. 477; Philadelphia DairyProducts Co. v. Summit Sweet Shoppe, 113 N.J. Eq. 458, as is urged by petitioners. All of those cases merely hold that since the receiver represents the court which appointed him, his compensation, that of his counsel, and in some instances the expenses necessarily incurred by him in conducting the business in obedience to the court's order, are all entitled to priority in payment even over mortgages or other liens affecting the property. But all of those principles are inapplicable to, and entirely beside, the question whether the petitioners alleged claim for injuries sustained in the manner indicated is entitled to such priority.
Both the adjudication of insolvency against and the appointment of the receivers for the defendant corporation on December 21st, 1933, was made upon the application of Supreme Fuel Sales Company, one of its general creditors. In those proceedings the Continental Bank and Trust Company of New York, the holder of the first mortgage on all of said defendant's real and personal property was not named as a party. The validity of this mortgage made and given in 1923, was never, and is not now, questioned or disputed. By the decree of this court the lien of said mortgage was tranferred from the property to the proceeds of sale, to which it specifically became attached.
As hereinbefore pointed out, petitioners' claims, if any, did not arise as a result of the receivers' operation of the defunct company's business or in connection with their attempt to preserve its property. Hence, to hold, as petitioners contend, that their alleged claims, even if legally established, are entitled to priority in payment over the valid first mortgage, would necessitate a displacement of a valid mortgage lien and an appropriation of the mortgagee's vested rights thereunder by a mere judicial order, which the court, in the absence of a consent or estoppel precluding the mortgagee, is without power to make.Lockport Felt Co. v. United Box Board and Paper Co., supra;Raht v. Attrill, *Page 263 supra; Hooper v. Central Trust Co., supra; International TrustCo. v. Decker Bros., 11 L.R.A. (N.S.) 152; Central Trustand Savings Co. v. Chester County Electric Co., 9 Del. Ch. 247;80 Atl. Rep. 801; Farmers Loan and Trust Co. v. Grape CreekCoal Co., supra; Fidelity Insurance Trust and Safe Deposit Co.
v. Roanoke Iron Co., supra.
The validity and sacredness of mortgage liens are fully recognized by the law which enforces them subject only to those regulations which it has promulgated and adopted for the protection of subsequent purchasers or encumbrances. Where, as here, no facts or special equities are shown, justifying such action, the court is without power to subvert or postpone the prior legal lien of the mortgage creditor, without his consent, to claims of the character here asserted by the petitioners. I am inclined to the view, and therefore hold, that, under the undisputed facts here adduced, the court is without power to sanction or order the subordination of the lien of the mortgage to the petitioners' claims, even if said claims were legally established.
It is entirely undisputed that the total assets of the defunct corporation are insufficient to satisfy even the lien of the first mortgage thereon. Even if this court had the power — which question I need not, and do not, here decide — to sanction an appropriation by the receivers of a part of these mortgaged assets for the purpose of defraying the necessary expenses of defending petitioners' proposed action, the exercise of sound discretion would constrain me to refuse them any such permission; especially where, as here, the result of the proposed law action, be it in favor of or against the receivers, can have no possible effect upon all or any part of said assets because of the prior mortgage lien thereon.
Consequently, there is now presented the novel question: Should this court permit the receivers to be subjected to suit, where, as here, they hold no funds or assets which may be properly appropriated by them either for defraying the expense of defending such action or satisfying, in whole or in part, any judgment which may be recovered therein?
The authorities, both ancient and modern, are in full *Page 264 
accord that in the exercise of its discretion, this court should not, with respect to claims such as petitioners, refuse proper applicants leave to sue its receivers in their official capacity unless it appears that the asserted claim or right is without substance or that its prosecution will be futile or vexatious.Vanderbilt v. New Jersey Central Railroad Co., 43 N.J. Eq. 669; Palys v. Jewett, 32 N.J. Eq. 302; Hills v. Parker,111 Mass. 508; 15 Am. Rep. 63; Peoples v. Brooks, 40 Mich. 333;29 Am. Rep. 534.
I am satisfied from the undisputed facts and the law applicable thereto, that the petitioners' prosecution, even to a favorable judgment, of their respective claims would avail them naught. Such prosecution would, on the one hand, be but an idle futility because of the complete uncollectibility of any resulting judgment, and on the other, needlessly vex and harass the receivers because of the lack of available funds wherewith to defend same, and by reason of which petitioners' application ought to be denied.
An order will be entered accordingly.