The receiver of defendant insolvent corporation asks instructions. He has in his hands two funds, one derived from the general assets of the corporation, the other proceeding from a fire insurance policy. The company was in the express business, a common carrier. The policy in question, though procured by the company, covered the property of its customers, not its own property. The money belongs in equity to the bailors whose goods were destroyed. Williams Co. v. Auto Express Co., 78 N.J. Eq. 165;
note to 53 A.L.R. 1409. As soon as the fire occurred, the company engaged one Zicherman to adjust and settle the fire loss and agreed to pay him ten per cent. of whatever sum was recovered. He effected a settlement for $5,000, the sum paid by the insurer to the company. The parties in interest do not contest the reasonableness of the agreed compensation and all, except one, expressly consent to the payment of $500 out of the fund to Zicherman. Reasonable expenses of the company, incurred in the transaction, are a prior charge on the fund. Farmers'Ginnery, c., Co. v. Thrasher, 140 Ga. 669; 79 S.E. Rep. 474;Clough v. A.J. Stillwell Meat Co., 112 Mo. App. 177;86 S.W. Rep. 530. The receiver will be directed to pay Zicherman.
One of the customers whose goods were destroyed in the fire, Walker-Turner Company, had procured insurance for *Page 50 
itself out of which it has been compensated for its loss. It is not entitled to share in the fund. Friedman v. Woods MotorVehicle Co., 123 Fed. Rep. 413; 59 C.C.A. 507. The other participants in the insurance money do not object to the receiver transferring to his general account so much of the special fund as would go to Walker-Turner Company if it had not been insured. Two other bailors, F.C. Kent and Finkelstein Company, are indebted to the insolvent corporation. Their debts will be offset against their shares of the insurance money and will be transferred to the general fund.
Before the appointment of the receiver, this fund, then intact, in the company's bank account, had been attached by a creditor. The receiver succeeded in freeing the money from the attachment. Later he conducted hearings to ascertain who were the bailors interested in the fund and the proportionate amount due each. When a receiver has in his hands two funds arising from different sources, and which are held for separate groups of claimants, the administration expenses, including the compensation of the receiver, should be equitably apportioned between the two funds.Meister v. Meister, Inc., 103 N.J. Eq. 78; Franklin LumberCo. v. Harold Anderson, Inc., 104 N.J. Eq. 306; AlbertKernahan v. Franklin Arms, Inc., 107 N.J. Eq. 468. The receiver will be allowed out of the insurance fund, for his services in respect thereto.
Several classes of claims against the general fund have priority in the following order:
First: Wage claims for work done within two months next preceding the filing of the bill. Rev. Stat. 1937 § 14:14-21;Gleason v. Chemical and Dye Corp., 112 N.J. Eq. 383. But subject to the limitation stated below.
Counsel for one Stejakowski asserted on the argument that he had been injured November 2d 1936, in an accident in the course of his employment by the company, whereby he became entitled to receive $20 a week for eight and one-half weeks under the Workmen's Compensation law. The entire compensation period was within the two months next preceding the appointment of the receiver. Stejakowski's *Page 51 
claim has the same status and priority as a claim for unpaid wages. Rev. Stat. 34:15-29. Steel and Iron Mongers, Inc., v.Bonnite Insulator Co., 90 N.J. Eq. 200. But no proof of claim has been filed and no evidence submitted to support counsel's allegations; the receiver denies that Stejakowski was an employe of the company at the time of the accident. Stejakowski can be allowed nothing out of the estate.
Second: Franchise tax due the State of New Jersey.
Third: Personal property tax due the city of Newark. Spark
v. La Reine Hotel Corp., 112 N.J. Eq. 398; Bea v. Turner Co., 115 N.J. Eq. 189.
 Fourth: Employer's contribution due under the Unemployment Compensation law. Rev. Stat. §§ 43:21-14 (b) and (f). The claim for such contribution is "prior to all other claims except taxes and claims for remuneration of not more than $250 to each claimant earned within six months of the commencement of the proceeding." "Claims for remuneration" means claims for wages.Rev. Stat. § 43:21-19(p). The effect of this provision is to leave wage claims amounting to not more than $250 each, ahead of claims for contributions under the Unemployment Compensation law. In the present case, none of the wage claims is for more than $250, so I need not consider what would be the standing of the excess.
Fifth: Rent for not exceeding one year. Philadelphia DairyProducts Co., Inc., v. Summit Sweets Shoppe, Inc., 113 N.J. Eq. 458; Whitehead v. Whitehead Pottery Co., 115 N.J. Eq. 257. *Page 52