38 N.J. Super. 383 (1955)
118 A.2d 873
PEMBERTON LUMBER & MILLWORK INDUSTRIES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
WM. G. RIDGWAY CONSTRUCTION CO., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 2, 1955.
*385 Mr. Neil F. Deighan, Jr., for the receiver, Louis N. Caggiano.
*386 Mr. Samuel Gelfand for claimants Thomas J. and Catherine L. Vogdes.
Mr. Wilfred B. Wolcott for claimant J.S. Collins & Son, Inc.
Mr. Clyde V. Creato, United States Attorney, for the United States.
HANEMAN, J.S.C.
The question here involved is the order in which receiver's certificates, fees, allowances and commissions, administration expenses, and various lienors should be paid out of the proceeds of the sale of real estate owned by Wm. G. Ridgway Construction Co., for which corporation Louis N. Caggiano has heretofore been appointed a receiver.
The facts in connection herewith are as follows: On September 30, 1953 Louis N. Caggiano was appointed statutory receiver for Wm. G. Ridgway Construction Co. The insolvent corporation had been engaged in the business of constructing homes, the majority of which were in an incomplete state of construction at the time of the appointment of the receiver. Upon the filing of a detailed report as to the status of the unfinished dwellings, the said receiver made application for leave to complete the construction of various buildings and to issue receiver's certificates in order to finance said construction. Notice of such application was given to all creditors. On November 20, 1953 an order was entered authorizing the completion of construction of especially designated buildings, and as well authorizing the receiver to issue receiver's certificates, which said certificates were declared to be prior to all liens and encumbrances then existing on properties owned by Wm. G. Ridgway Construction Co. Consistent with the provisions of said order, the receiver thereafter issued such certificates. Thereafter, upon application duly made, this court approved the sale of various of said buildings as completed, free and clear of any and all liens and encumbrances, and directed that such liens and *387 encumbrances should be transferred and attach to the funds derived from said sale to the extent of the validity, amount and priority of all of such liens.
The receiver now insists that the receiver's certificates and the fees, allowances, commissions and administration expenses of the receivership should be first paid out of said funds. Several of the holders of liens which were in existence at the time of the appointment of the receiver insist that the priority of their liens cannot be displaced and made subject to the liens of the receiver's certificate holders and a lien for the expenses of the receivership, but should be first paid out of the proceeds of the sale.
It is recognized, of course, that under N.J.S.A. 14:14-20 a receiver may sell property of a corporation clear of encumbrances "the legality of which is questioned and the property is of a character materially to deteriorate in value pending the litigation * * *."
However, in addition to such power, the Chancery Division of the Superior Court has the inherent power to authorize the sale of property in custodia legis, free and clear of liens. J.W. Pierson Co. v. West Orange-Verona Bldg. Co., 112 N.J. Eq. 426 (Ch. 1933); Sullivan v. James Leo Co., 124 N.J. Eq. 317 (E. & A. 1938). The court as well has the power and authority to authorize the issuance of receiver's certificates and to direct that the securities so issued shall displace all prior liens and encumbrances. This power, however, must be justified in equity and good conscience by the facts and circumstances of the particular case. Normally, such receiver's certificates so issued which are made prior to existing liens and encumbrances, should be for the preservation of the property of the insolvent corporation and should be authorized only by a preponderance of proof that no other course could be successfully adopted. Notice, of course, should be given of the application to so issue receiver's certificates to at least all of the holders of existing liens and encumbrances whose rights are sought to be affected, and a full hearing had upon such application. Lockport Felt Co. v. United Box Board and Paper Co., 74 N.J. Eq. 686 (Ch. *388 1908); Foster v. Bay Front Land Co., 109 N.J. Eq. 569 (E. & A. 1932).
Fees of receivers and their counsel, and costs of administration are generally entitled to priority in payment to all liens, special or general, from funds of the corporation which come into their hands. Sullivan v. James Leo Co., supra; Foster v. Bay Front Land Co., supra; Jeffers v. New Jersey & Pa. R. Co., 86 N.J. Eq. 68 (Ch. 1916).
I find, as did Judge Goldmann on the hearing for the application for leave to issue receiver's certificates whose priority would be as above set forth, that the facts which would warrant the issuance of such receiver's certificates were adequately proven and that without the issuance of such receiver's certificates and the expenditure of the funds so received upon the property of the corporation, it would not only have deteriorated and depreciated in value, but would as well have been less salable. I do not conceive that it is a prerequisite to a legal issuance of such receiver's certificates that the property of the corporation must have been in imminent and immediate danger of physical deterioration or destruction, absent the expenditure of the moneys received from the sale of such receiver's certificates.
The word "preserve" should not be deemed to be employed in a strict literal sense. It connotes not only the idea of protection of the insolvent corporation's property from physical deterioration or destruction, but as well of completion of an improvement of real estate or personal property undertaken by said corporation before its adjudicated insolvency, to the end that said property may attain the final condition initially intended. There are sufficient facts present to warrant the authorization of the issuance of such certificates prior in lien to other established liens and encumbrances if it is made to appear that there is a reasonable probability that by the expenditure of the additional sums so realized by the receiver for the purpose of completing such fabrication or construction, upon the completion thereof the property will be placed in the form and condition initially contemplated, and also that there is a reasonable expectancy that *389 such property, in its completed form, will be more readily vendible than if it were to remain in unfinished form. Implicit in such a conclusion must be, of course, a finding that by completing the fabrication or construction, a sum would probably be realized upon a sale which will be in excess of the amount which could be received for the incompleted article, plus the cost of completion. The property would thereby be figuratively "preserved" in its intended final condition and a greater sum realized for distribution to creditors, general and special, than if the receiver were forced to leave it in its incomplete less salable condition.
It is of no moment that the expectations of the receiver, at least some of the creditors, and the court, that additional funds would be realized by the expenditures of these moneys did not come entirely to fruition. The fact that less funds were received upon the sale thereof than was anticipated does not change the basic concept that the court had inherent authority under the facts and circumstances here present to authorize the issuance of such certificates. Jeffers v. New Jersey & Pa. R. Co., 86 N.J. Eq. 68 (Ch. 1916); Foster v. Bay Front Land Co., 109 N.J. Eq. 569 (E. & A. 1932).
It is therefore directed that the receiver's certificates, and the fees, allowances, commissions and administration expenses of the receivership be first paid by the receiver out of the proceeds of the sales of the houses here involved before any disbursement is made to the other lienholders.
Judgment will be entered accordingly.