64 N.J. Super. 204 (1960)
165 A.2d 568
PHILIP LAUDAN, EMMY C. LAUDAN AND MARLENE LAUDAN, PLAINTIFFS,
v.
ABC TRAVEL SYSTEM, INC., A CORPORATION OF NEW JERSEY, AND MARY PASSANNANTE, ANTHONY PASSANNANTE AND CARMELA PASSANNANTE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 23, 1960.
*205 Mr. Jack L. Cohen, attorney for plaintiffs.
Mr. Bruce F. Banta, for defendants Mary Passannante, Anthony Passannante and Carmela Passannante (Messrs. Winne & Banta, attorneys).
Mr. Max J. Mareiniss, receiver, pro se.
Mr. George S. Fischler, for British Overseas Airways Corporation (Messrs. Clapp & Eisenberg, attorneys).
MINTZ, J.S.C.
The receiver of the defendant insolvent corporation seeks the allowance of his final report, confirmation *206 of his determination and classification of claims filed, an allowance as compensation for his services, and an allowance as compensation to plaintiffs' attorney for his services rendered. The receiver further asks for a pro rata apportionment of the administration expenses between the funds arising out of trust agreements and the general funds in this estate.
British Overseas Airways Corporation (herein referred to as "BOAC") moves for an order directing the receiver to pay it $1,155.06 which the receiver holds as a trust fund, without any deductions for administration expenses. The individual defendants, stockholders in the defendant corporation, urge that the amounts due each of the airlines and ship lines listed in Schedule "C" of the receiver's report constitute trust funds, and should be turned over intact to the respective companies without any deduction for administration expenses.
Defendant ABC Travel System, Inc. was engaged in the travel agency business. It made various conference or sales agency agreements with airlines, hotels and shipping lines which specifically provided:
"All moneys collected by the Agent for transportation sold hereunder * * * are the property of the Carrier and shall be retained by the Agent as the property of the Carrier until satisfactorily accounted for to the Carrier."
The parties agree the funds so collected constitute trust funds. The receiver presently has on hand the sum of $10,868.81, of which $8,708.86 constitutes trust funds due BOAC and 12 other airlines and ship lines.
It is settled that the general expenses of a receivership may be paid out of the funds in a receiver's hands before the payment of debts whether the latter be secured or unsecured. Albert & Kernahan v. Franklin Arms, 107 N.J. Eq. 468, 470 (E. & A. 1931). Such expenses are entitled to priority not only by virtue of the statute, N.J.S.A. 14:14-22, but under general principles of equity even where *207 a lienholder is not benefited by the receivership. As a matter of policy, to hold otherwise would deprive the courts of the services in many cases of competent administrators and be subversive of the administration of this important branch of equity jurisdiction. Seidler v. Branford Restaurant, 97 N.J. Eq. 531 (E. & A. 1925); Bankers Trust Co. v. Maxson, 100 N.J. Eq. 1, 14 (Ch. 1926). In Attorney-General ex rel. Bliss v. Linden Cemetery Association, 90 N.J. Eq. 404, 408 (Ch. 1919), affirmed 91 N.J. Eq. 329 (E. & A. 1920), the court stated:
"The rule is thoroughly settled that when a court of equity takes possession of property for the purpose of protecting and preserving it for the benefit of the parties interested, the costs of administration are entitled to priority of payment regardless of the nature of the liens and claims thereon of the litigants * * *."
N.J.S.A. 14:14-22 provides:
"Before distribution of the assets of an insolvent corporation among the creditors or stockholders, the Superior Court shall allow a reasonable compensation to the receiver for his services and the costs and expenses of the administration of his trust, and the costs of the proceedings in the court, to be first paid out of the assets."
It is urged that the cited statute clearly provides for the priority of payment of receiver's compensation and costs out of the assets of the insolvent corporation, that trust funds in the hands of the receiver do not constitute such "assets," and hence they cannot be charged with any part of the receiver's compensation. Our courts have consistently afforded priority to the expenses of a receivership over a mortgage or other lien where it was equitable to do so. Seidler v. Branford Restaurant, supra; Pemberton Lumber & Millwork Industries, Inc. v. Wm. G. Ridgway Construction Co., 38 N.J. Super. 383 (Ch. Div. 1955). I perceive no valid reason why the same principle should not apply to trust funds.
Under general equitable principles and aside from the cited statute, Bankers Trust Co. v. Maxson, supra, 100 *208 N.J. Eq., at page 14, the trust funds should bear an equitable share of the receivership expenses where they have benefited by the receiver's administration. The receiver represents the court and acts for the interests of all concerned. Seidler v. Branford Restaurant, supra, 97 N.J. Eq., at page 534.
In Decorative Utilities Corp. v. National Motors Trucking Corp., 123 N.J. Eq. 48 (Ch. 1938), the defendant insolvent corporation had been a common carrier. It procured a fire insurance policy covering the property of its customers. Goods of bailors were destroyed in a fire, and the receiver collected the proceeds from the insurance policy which he placed in one fund. He also had in his hands a fund derived from the general assets of the corporation. The court held that the insurance money belongs in equity to the bailors whose goods were destroyed, subject to the payment of reasonable expenses of the bailee incurred in the transaction. The receiver succeeded in freeing the insurance fund that had been attached by a creditor and conducted hearings to ascertain who were the bailors interested in the fund and the proportionate amount due each. The court there said, 123 N.J. Eq., at page 50:
"* * * When a receiver has in his hands two funds arising from different sources, and which are held for separate groups of claimants, the administration expenses, including the compensation of the receiver, should be equitably apportioned between the two funds. Meister v. Meister, Inc., 103 N.J. Eq. 78; Franklin Lumber Co. v. Harold Anderson, Inc., 104 N.J. Eq. 306; Albert & Kernahan v. Franklin Arms, Inc., 107 N.J. Eq. 468. The receiver will be allowed out of the insurance fund, for his services in respect thereto."
In the case at bar, the receiver performed certain services for the respective trusts. He collected the sum of $9,366.54 from customers of defendant corporation, which were trust funds. He allocated the funds to the respective trust accounts less the commissions due the travel agency. He examined the 13 claims asserting priority as trust funds, and verified the proper amount due each. He subsequently *209 noted co-mingling of general funds of defendant corporation with trust funds in a bank account and managed to earmark out of that account $875 due the Grace Line as a trust fund. He ascertained that one bank account for trust funds was overdrawn. Upon the adjudication of insolvency of defendant corporation, the receiver became the only party to whom payment could be made for travel fares. Of necessity, the trust funds had to be channelled through him for remittance to the thirteen parties entitled thereto.
The receiver will be allowed $1,500 plus his disbursements of $22.50. I am of the view that a 5% charge on each of the 13 trust funds which aggregate $8,708.86, for a total of $435.44, represents an equitable apportionment of the share of the receiver's allowance for compensation to be paid from the trust funds. The balance of $1,087.06 will be paid to the receiver from the general fund.
The attorney for the plaintiffs requests a counsel fee, plus reimbursement for his disbursements amounting to $73.80. R.R. 4:68-6 provides:
"Unless a receiver applies for, and, until he obtains leave to employ an attorney, the plaintiff's attorney may proceed with the conduct of the cause; but except where the latter is appointed by the court attorney or counsel for the receiver, he shall not be allowed by the court any compensation for his services."
In 19 N.J. Practice (Skills and Methods, "Receivers"), § 265, p. 248 (1960), the author, James E. Masterson, Esq., states:
"Applications for fees by the attorney for plaintiff would seem to be precluded. [Citing R.R. 4:68-6] The applicable rule is somewhat ambiguous and has not been formally construed in any reported decision. However, it is submitted that the better interpretation of the rule permits an allowance to the plaintiff's attorney for services performed which ultimately lead to the appointment of a receiver."
The rule does not specifically deal with the services of the attorney in initiating the proceedings and in filing the complaint *210 resulting in the appointment of a receiver. There is a fund in court within the purview of R.R. 4:55-7. In Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162, 168 (1960), the court stated:
"In general, allowances are payable from a `fund' when it would be unfair to saddle the full cost upon the litigant for the reason that the litigant is doing more than merely advancing his own interests. Thus, for example, when there are classes of claimants to the fund and the services redound to the benefit of others as well, it is fair that all contribute to the cost by a charge against the subject matter."
Counsel for plaintiffs did render a service to the various classes of claimants. The rationale which sanctions the imposition of a charge on the trust funds for the receiver's compensation is equally applicable to the request for a counsel fee.
The complaint was filed by stockholders and alleged a deadlock over the conduct of the affairs of said corporation. Under the circumstances here present, the allowance should be small. See Eufemio v. McKeown, 10 N.J. Misc. 549 (Ch. 1932). Counsel fee of $125 for services rendered leading to the appointment of a receiver will be allowed, together with disbursements of $73.80 for a total of $198.80. The 13 trust funds will each be charged 1%, or a total of $87.08, as their contribution to the attorney's allowance. The balance of $111.72 will be paid out of the general fund.
The receiver's report is allowed, his determination and classification of the claims approved. Apportionment of administration expenses will be made in accordance with this opinion. The motions of BOAC and the individual defendants for an order directing the receiver to turn over the trust funds to the respective claimants without any deductions therefrom for administration expenses are denied.